LOLLEY, J.
| tabitha and Jeronimo Bazan appeal the judgment of the Fifth Judicial District Court, Parish of Franklin, State of Louisiana in connection with a rule for contempt brought by Charles and Connie Hammett. For the following reasons, we reverse the judgement of the trial court.
Facts
This appeal stems from a judgment of September 30, 2004, (the “Louisiana judgment”) which awarded the custody and *365 tutorship of Kobe and Shadye to Tabitha and Jerry Bazan. The Louisiana judgment also provided for visitation by the paternal grandmother and her husband, the Hammetts. That visitation consisted of one weekend a month, time during the holidays of Thanksgiving, Christmas and Easter, and for 30 consecutive days in June 2005 (the “June visitation”). The Louisiana judgment was affirmed by this court in In re S.L.G., 39,704 (La.App.2d Cir.03/02/05), 895 So.2d 773 (“Bazan I”).
In the spring of 2005 and subsequent to Bazan I, the Bazans began formal adoption proceedings of Kobe and Shadye. In connection with that proceeding, a Texas court appointed a social worker to evaluate the Bazans, their home, and their relationship with the children. When the Bazans filed their Petition for Adoption in May 2005 in a Texas trial court, they also filed a legal proceeding to modify and lessen the Hammetts’ June visitation. According to the Bazans’ expert evidence, it was in the best interest of the children to lessen the June visitation. On May 26, 2005, the 256th Judicial District Court of Texas granted a temporary restraining order in favor of the Bazans suspending the June visitation to the Hammetts until a hearing could be held in the Texas court on June 8, 2005.
On June 7, 2005, the Hammetts filed a rule for contempt against the Bazans in the Fifth Judicial District Court, Parish of Franklin, State of Louisiana, the court which had issued the Louisiana judgment. The Hammetts alleged that the Bazans phad refused the Hammetts visitation with the children, which made the Bazans in contempt of court for violating the Louisiana judgment.
Meanwhile in Texas, the 256th JDC dismissed the Bazans’ motion on June 8, 2005 (it appears for lack of venue), and the Bazans re-filed an identical proceeding in the 380th JDC of Texas. That court granted a temporary restraining order regarding the June visitation and set the matter for hearing on July 14, 2005. A hearing took place on July 21-22, wherein the Texas court heard testimony and received evidence regarding the Bazans’ petition to modify the visitation. At the conclusion of the hearing, the Texas court modified the Hammetts’ visitation as provided for in the Louisiana judgment and eliminated the June visitation. The court maintained the monthly visitation with the Hammetts, but required the Hammetts, not the children, do the majority of the traveling. On August 19, 2005, the Texas court entered an order that it accepted and exercised jurisdiction over the children and all matters pertaining to them. The Texas order regarding the visitation with the Hammetts was filed on September 9, 2005.[1] On that same date an order granting adoption was entered, and the Bazans became the legal parents of the two children.[2]
As to the Hammetts’ contempt proceedings in Louisiana, the Bazans filed various exceptions to the motion. The Louisiana trial court took the exceptions under advisement. Ultimately, the trial court granted the Bazans’ exception of insufficiency of citation and service of process, but denied the Bazans’ exceptions of lack of personal jurisdiction and venue due to forum non conveniens. The Hammetts’ *366 rule was set for August 24, 2005. At that hearing the trial court |sconsidered whether the Bazans had “knowingly, intentionally, and wilfully” disobeyed the Louisiana judgment “without any justifiable excuse.” At the trial’s conclusion, the trial court determined that the Bazans were in contempt of court. A judgment was entered on September 9, 2005, finding the Bazans in contempt, but allowing them to “purge” themselves of the contempt with a rigorous visitation schedule in favor of the Ham-metts (basically, every third weekend through April 2006). The Bazans were also ordered to pay court costs of the proceedings and $500.00 in attorney’s fees incurred by the Hammetts for bringing the rule for contempt.
The Bazans appealed the judgment, but they also sought a supervisory writ and pre-lodging motion to stay the judgment as it pertained to the Hammetts’ visitation with the children. This court granted the writ and motion to stay. The Bazans’ appeal is now under consideration.
Discussion
Whereas the Bazans raise several assignments of error, this appeal can be boiled down to one question: were the Bazans in contempt of court for violating the Louisiana judgment when they did not produce the children for the June visitation if they reasonably relied on the Texas judgment? For the following reasons, we conclude that they were not.
The wilful disobedience of any lawful judgment or order of the court constitutes a constructive contempt of court. La. C.C.P. art. 224(2). To find a person guilty of constructive contempt, it is necessary to find that he or she violated the order of the court intentionally, knowingly, and purposely, without justification. DeGruy v. DeGruy, 1998-1416 (La.App. 4th Cir.01/27/99), 728 So.2d 914.
|4The trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying the Court’s order and its decision will only be reversed when the appellate court can discern an abuse of that discretion. Stephens v. Stephens, 30,498 (La. App.2d Cir.05/13/98), 714 So.2d 115. A proceeding for contempt in refusing to obey the court’s orders is not designed for the benefit of the litigant, though infliction of a punishment may inure to the benefit of the mover in the rule. The object of the proceeding is to vindicate the dignity of the court. Id.
Here, in finding the Bazans in contempt, the trial court abused its discretion for two reasons: (1) it failed to consider the Texas judgment regarding the children; and, (2) it failed in finding that the Bazans wilfully disobeyed the Louisiana judgment. Pertinent to considering both of these issues is the Uniform Child Custody Jurisdiction Law (the “UCCJL,” also known as the “UCCJA”), which has been adopted in Louisiana as La. R.S. 13:1700, et seq.[3] Because of the UCCJL, not only should the Louisiana trial court have given the Texas judgment full faith and credit as required by the United States Constitution, Art. IV, § 1, but the Bazans were reasonable in relying upon said judgment in not presenting the children for the June visitation.
The UCCJL serves to limit.the potential for multiple custody decrees in various states. It was proposed in an effort to have states impose uniform legislative rules on themselves regarding jurisdiction in child custody cases. Amin v. Bakhaty, *367 2001-1967 (La.10/16/01), 798 So.2d 75. A custody decree in one state is subject to modification not only by the courts of that state, but also by the courts of another state, since the Full Faith and Credit clause of the United States | ¡^Constitution has limited application in custody cases. Revere v. Revere, 389 So.2d 1277, 1278-79 (La.1980), citing New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947).
In determining whether a state has subject matter jurisdiction over a child, the critical determination is whether the state is the child’s “home state.” The UCCJL defines “home state” as:
... the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned.
La. R.S. 13:1701(5). Louisiana R.S. 13:1702(A) states that a Louisiana court has jurisdiction to make a child custody determination if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child’s home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships; or
(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(4) (i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with Paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
1 F,Having also enacted the UCCJL, Texas has virtually identical provisions in its counterpart. Tex. Fam.Code Ann. §§ 152.102 and 201 (Vernon 2002).
 Here, in finding the Bazans in contempt of court, the trial court failed to give adequate consideration to the Texas judgment. A state may deny full faith and credit to another state’s judgment only when it is shown that the court which rendered it lacks jurisdiction over the parties or the subject matter. Byrum v. Hebert, 425 So.2d 322 (La.App. 3rd Cir.1982). Here, the Louisiana trial court was required to give the Texas judgment full faith and credit, because the facts show that the Texas trial court clearly had jurisdiction over the children.
The children had lived in Texas with the Bazans, their legal tutors, since August 12, 2004; thus when the Bazans filed their initial Texas proceeding on May 26, 2005, the children had been living with them more than six months. This made Texas the children’s home state, as defined by *368 the UCCJL, giving the Texas court jurisdiction over the children. Moreover, considering its jurisdiction over the children on this issue, the Texas court was within its authority to modify the visitation schedule originally set forth in the Louisiana judgment. See, New York ex rel. Halvey v. Halvey, supra; Revere, supra.
Furthermore, the Louisiana trial court had no basis for considering itself the home state of the children. Other than the pending Louisiana judgment, there was no grounds for the Louisiana court to consider itself, as still having jurisdiction over these particular children. They had not lived in Louisiana for almost a year, and they were in the process of being adopted by Texas residents, who already had legal custody of them. And although the Louisiana court had not formally relinquished, jurisdiction of the children, this simple procedural step should not have interfered with the Louisiana trial court’s recognition of the Texas judgment |7under the Full Faith and Credit clause of the United States Constitution, nor, and perhaps more importantly, the best interest of these children. Clearly, the Louisiana court abused its discretion in not recognizing the Texas court’s jurisdiction over the •children and, accordingly, in failing to give the Texas judgment full faith and credit pursuant to U.S.C.A. Const., Art. IV, § 1.
The trial court also abused its discretion in determining that the Bazans wilfully disobeyed the Louisiana judgment. In finding the Bazans in contempt, the trial court considered whether the Bazans merely disregarded the court’s judgment or acted with a subjective believe of justification. The Bazans had a valid Texas judgment, which legally modified the visitation schedule originally set forth in the Louisiana judgment and upon which they reasonably and in good faith relied. Furthermore, in connection with the Texas proceedings, both the adoption and temporary restraining order, the Bazans submitted evidence indicating that the June visitation would not be in the best interest of the children. The paramount consideration in any determination of child custody is the best interest of the child. Colvin v. Colvin, 40,518 (La.App.2d Cir.10/26/05), 914 So.2d 662, citing, La. C.C. art. 131 and Evans v. Lungrin, 1997-0541 (La.02/06/98), 708 So.2d 731. With these considerations, we conclude that the Ba-zans were justified upon their reliance of the Texas judgment, not wilfully disobedient of the Louisiana judgment, and not in constructive contempt of court.
Conclusion
Therefore, for the stated reasons, the judgment finding Tabitha and Jeronimo Bazan in contempt of court, along with the other findings therein, .is reversed. Costs of these proceedings are assessed to Charles and Connie Hammett.
REVERSED.

. The successive temporary restraining orders of the Texas trial courts which suspended the June visitation are referred to collectively herein as the "Texas judgment.”

. In that order, the court recognized the grandparents' visitation schedule as set forth in the Texas judgment, noting that the adoption did not affect the pendency of that proceeding.

. Texas has also enacted similar legislation. See Tex. Fam.Code Ann. §§ 152.001-.317 (Vernon 2002).