TERRI F. LOVE, Judge.
| ¶ Carmen Pillow-Smith appeals the judgment of the trial court denying her request to hold Cedric Smith in contempt for failure to pay child support and failure to return the minor children. Ms. Pillow-Smith further assigns error to the trial court for denying her request for attorney’s fees, and for curtailing the trial testimony of Mr. Smith at the trial court’s discretion. We find no error in the findings of the trial court except for the issue of attorney’s fees and costs. Therefore, we affirm in part and reverse and remand in part.

FACTS AND PROCEDURAL BACKGROUND

In 2003, pursuant to a Consent Judgment between Carmen Pillow-Smith and Cedric Smith, Mr. Smith was ordered to pay $1,982.00 in child support and other monthly expenses. The parties were awarded joint physical custody of the minor children with Ms. Pillow-Smith being designated as the primary domiciliary pai'-ent. A Judgment of Divorce was entered April 13, 2004.
Before the divorce was finalized in 2004, Ms. Pillow-Smith filed a contempt action alleging Mr. Smith’s failure to pay child support pursuant to the Consent Judgment, which resulted in a 2005 Judgment ordering Mr. Smith to pay a base |2child support obligation of $2,550 per month and an additional $500 per month toward the arrearages owed for past-due child support. In 2006, Ms. Pillow-Smith filed a contempt action due to Mr. Smith’s failure to return the minor children at the end of his summer visitation. The trial court found Mr. Smith in contempt and ordered him to post a bond in the amount of $3,950.00 pursuant to La. R.S. 9:342, to assure compliance with future visitation orders.
In 2009, Ms. Pillow-Smith filed a Rule for Contempt alleging Mr. Smith’s failure to pay court ordered child support, arrear-ages, tuition, and health insurance costs. Prior to the hearing on Ms. Pillow-Smith’s Rule for Contempt, the parties made several stipulations, including: that the child support obligation shall be $2,050.00 per month; that the balance of Mr. Smith’s arrearage for failure to pay child support totaled $27,603.65; that Mr. Smith shall pay Ms. Pillow-Smith the sum of $2,500, representing damages incurred by her for his failure to pay the minor children’s school tuition in 2004; and, that Ms. Pillow-Smith will carry health insurance for the minor children.
The parties further stipulated that the following issues were deemed moot: Mr. Smith’s motion to modify a July 2005 judgment; Mr. Smith’s motion to order Ms. Pillow-Smith to attend custody evaluations; Mr. Smith’s rule for contempt for Ms. Pillow-Smith’s failure to complete the custody evaluation; Mr. Smith’s motion as to why Cydney Smith (“Cydney”) was not enrolled in school; and Mr. Smith’s request for attorney’s fees and court costs regarding Cydney’s school enrollment.
On October 8, 2009, the matter proceeded to trial on the following issues: 1) contempt for Mr. Smith’s failure to pay child support; 2) contempt for Mr. Smith’s failure to return Cydney following her summer visitation in August 2009; 3) Ms. Pil *267 low-Smith’s request to forfeit the existing bond; and 4) Ms. Pillow-Smith’s ^request for Mr. Smith to post a new bond in the amount of $10,000.
The trial court ruled as follows: 1) Mr. Smith’s failure to pay child support did not constitute contempt; 2) Mr. Smith’s failure to return Cydney following her summer visitation in August 2009, did not constitute contempt; 3) Ms. Pillow-Smith’s request to forfeit the existing bond was denied; and 4) Ms. Pillow-Smith’s request for Mr. Smith to post a new bond in the amount of $10,000 was denied. All of these rulings were appealed by Ms. Pillow-Smith.

CONTEMPT FOR FAILURE TO PAY CHILD SUPPORT

Ms. Pillow-Smith alleged in her Rule for Contempt that Mr. Smith failed to consistently pay child support and sought to hold Mr. Smith in contempt for this alleged failure.[1] The trial court noted that it was undisputed that Mr. Smith had failed to consistently pay child support, but found that Mr. Smith was not in constructive contempt for his failure to pay the full amount of child support ordered. Ms. Pillow-Smith alleges that the trial court erred in failing to find Mr. Smith in contempt.
Constructive contempt of court includes “wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court.” La. C.C.P. art. 224. A trial court is vested with “great discretion to determine whether a party should be held in contempt for willfully disobeying” a child support order. Fink v. Bryant, 01-987, p. 7 (La.11/28/01), 801 So.2d 346, 350. The trial court’s “decision will only be reversed when the appellate court can discern an abuse of that discretion.” Stephens v. Stephens, 30,498, p. 5 (La.App. 2 Cir. 5/13/98), 714 So.2d 115, 118.
In the trial court’s reasons for judgment, it noted that the testimony of Mr. | ¿Smith demonstrated that he made direct contributions towards the expenses of the minor children despite his failure to consistently meet his child support obligation. The trial judge reasoned:
He maintained health insurance for the children, car insurance for both Ms. Pillow-Smith, and their oldest son, Cedric, Jr., and he paid for all expenses regarding the children’s airfare, school tuition, lunch, and uniforms. His testimony further revealed that the parties were also going through bankruptcy proceedings during this time. As a result, the Court finds that Mr. Smith paid various expenses for his family well beyond the basic child support obligation. The Court is taking into consideration that so much was paid for other expenses, and finds that while Mr. Smith did not pay the amount specifically ordered, his failure to pay was not willful.
Accordingly, the trial court found that Mr. Smith did not commit willful contempt of court.
“A proceeding for contempt for refusing to obey the court’s orders is not designed for the benefit of the litigant, though infliction of a punishment may inure to the benefit of the mover in the rule.” Howard v. Oden, 44,191, p. 12 (La.App. 2 Cir. 2/25/09), 5 So.3d 989, 997. Rather, “[t]he object of a contempt proceeding” is the vindication of the “dignity of the court.” Id. Moreover, in order to *268 find a party' guilty of constructive contempt, the trial court must find “that he or she violated the order of the court intentionally, knowingly, and purposely, without justification.” In re S.L.G., 40,858, p. 3 (La.App. 2 Cir. 1/25/06), 920 So.2d 363, 366.
We do not find that the record establishes that Mr. Smith violated the child support order intentionally, knowingly, and purposely, without justification. Although Mr. Smith was conscious of his duty to obey the court’s order, the record does not reveal that he was willful in failing to make child support payments in purposeful violation of the court’s order. Mr. Smith testified that there were times 15when he paid less than the court ordered child support, but at other times he paid more than the court ordered child support in addition to making direct contributions to the support and maintenance of the minor children by purchasing items such as clothes, haircuts, school books, and school lunches.
Our review of the record indicates that the trial court properly exercised its discretion as to the contempt issue for Mr. Smith’s failure to pay child support. Accordingly, we will not disturb the ruling of the trial court on this issue.

CONTEMPT FOR RETURN OF CHILD AND COMPLIANCE BONDS

Ms. Pillow-Smith’s 2009 Rule for Contempt sought to hold Mr. Smith in contempt for his failure to return the minor child Cydney at the end of her summer visitation. Further, Ms. Pillow-Smith sought an order from the trial court requiring forfeiture of Mr. Smith’s 2006 bond as well as posting by Mr. Smith of an additional bond in the amount of $10,000.00 to assure future compliance with visitation orders. The trial court did not make a finding of contempt and denied both bond requests. Ms. Pillow-Smith assigns error to the trial court’s decision not to hold Mr. Smith in contempt and its denial of her two bond requests.
 If good cause is shown, “a court may, on its own motion or upon the motion of any party, require the posting of a bond or other security by a party to insure compliance with a child visitation order and to indemnify the other party for the payment of any costs incurred.” La. R.S. 9:342. Where the record reflects that a non-domiciliary parent refuses to comply with the visitation schedule and orders of the court, the requirement of a bond under La. R.S. 9:342 is proper. See Hodges v. Hodges, 02-0489, p. 8 (La.App. 3 Cir. 10/2/02), 827 So.2d 1271, 1276. “‘[T]he determinations of a trial court judge in child custody matters is entitled to great weight.’ ” Leard v. Schenker, 09-1438, p. 3 (La. App. 4 Cir. 3/24/10), 35 So.3d 1152, 1154, quoting Bergeron v. Bergeron, 492 So.2d 1193, 1196 (La.1986).
In the trial court’s reasons for judgment, the trial judge found that “Mr. Smith did everything he could to try to get Cydney on the plane back to Nashville,” and that Mr. Smith was not in contempt for failing to return Cydney in violation of the court’s order. Accordingly, the trial court denied Ms. Pillow-Smith’s request to forfeit the existing bond as well as her request for Mr. Smith to post a new bond.
The record adequately supports the trial court’s finding that Mr. Smith was not in contempt for failing to timely return Cyd-ney to Ms. Pillow-Smith’s custody. Over the summer of 2009, Mr. Smith filed to reset a hearing on his request for a modification of custody. In furtherance of that request, Mr. Smith obtained an ex parte order from the trial court allowing him to retain physical custody of Cydney pending a final ruling on his request for modifica *269 tion of custody. Ms. Pillow-Smith appealed that order and same was ultimately vacated by this Court, which directed that Cydney be immediately returned to the custody of Ms. Pillow-Smith.
Mr. Smith thereafter made three trips to the airport on three separate occasions in an effort to get Cydney to board a plane to Nashville. Mr. Smith’s testimony at trial demonstrated his efforts to return Cydney to Ms. Pillow-Smith’s custody despite Cydney’s adamant Refusal to return to Nashville: on the first occasion Mr. Smith enlisted the assistance of the Transportation Security Administration and the Jefferson Parish Police, on the second attempt Cydney was so hysterical and distraught that the airline refused to allow her to board the plane, and finally Mr. Smith sent Cydney to the airport accompanied by his assistant, at which time she boarded a plane to Nashville and returned to the physical custody of Ms. Pillow-Smith.
1 yBecause the trial court found that Mr. Smith was not in contempt, it denied Ms. Pillow-Smith’s request to forfeit Mr. Smith’s 2006 bond. The trial court accordingly reasoned that there was no need for Mr. Smith to post a new bond since the existing bond was still in effect. It was within the trial judge’s discretion to find that Mr. Smith did not act contemptuously in regard to his efforts to return Cydney, and the record reasonably supports such a finding. Therefore, we will not disturb the trial court’s findings in this regard.

ATTORNEY’S FEES AND COURT COSTS

Ms. Pillow-Smith contends that the trial court erred by not awarding her attorney’s fees and court costs due to Mr. Smith’s failure to pay child support and for his alleged failure to timely return Cydney to her custody. In support of these assignments of error, Ms. Pillow-Smith cites to La. R.S. 9:375(A) and La. R.S. 13:4611(l)(e)(iv) (allowing a court to punish a parent who has violated a visitation order by requiring that parent to pay all court costs and reasonable attorney fees of the other party).
La. R.S. 13:4611(l)(e)(iv) provides:
(1) The supreme court, the courts of appeal, the district courts, family courts, juvenile courts and the city courts may punish a person adjudged guilty of a contempt of court therein, as follows:
(e) In addition to or in lieu of the above penalties, when a parent has violated a visitation order, the court may order any or all of the following:
(iv) Require the parent violating the order to pay all court costs and reasonable attorney fees of the other party.
Because La. R.S. 13:4611(l)(e)(iv) is premised on a finding of contempt, which is not present in this case, we must address whether La. 9:375(A) entitled |sMs. Pillow-Smith to attorney’s fees and costs. La. R.S. 9:375(A) provides:
A. When the court renders judgment in an action to make executory past-due payments under a spousal or child support award, or to make executory past-due installments under an award for contributions made by a spouse to the other spouse’s education or training, it shall, except for good cause shown, award attorney’s fees and costs to the prevailing party.
The record reflects that the trial court found that Mr. Smith’s violations were not wilful. However, this finding does not equate with a finding a good cause preventing the award of attorney’s fees and costs. Therefore, we remand for the trial court to determine whether good cause *270 was established to negate an award of attorney’s fees and costs to Ms. Pillow-Smith.

TESTIMONY

Ms. Pillow-Smith maintains that the trial judge erred in stopping the cross-examination of Mr. Smith after he testified on his own behalf. “When a party complains on appeal of improperly excluded evidence, that party must proffer that evidence.” Briscoe v. Briscoe, 25,955, p. 6 (La.App. 2 Cir. 8/17/94), 641 So.2d 999, 1004. “Failure to do so results in a waiver of the right to complain of the exclusion on appeal.” Id.
The record reveals that counsel for Ms. Pillow-Smith did not make a formal objection when the trial judge determined that she had heard enough of Mr. Smith’s testimony. Nor did counsel for Ms. Pillow-Smith proffer what evidence her continued examination of Mr. Smith would have elicited. Therefore, this assignment of error is without merit.

DECREE

For the foregoing reasons, the judgment of the trial court is affirmed with the exception of the finding on attorney’s fees and costs. Accordingly, we remand for ^proceedings consistent with this opinion regarding the good cause requirement to justify not awarding attorney’s fees and costs.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART
ARMSTRONG, C.J., concurs in part and dissents in part.
MURRAY, J., concurs in part and dissents in part with reasons.

. The record does not contain a copy of Ms. Pillow-Smith’s 2009 Rule for Contempt. Only the Sheriff's Return and the Affidavit of service filed by Ms. Pillow-Smith’s counsel appear in the record. Thus, the content of Ms. Pillow-Smith's Rule for Contempt has been inferred by other pleadings and the trial transcript.