SEXTON, Judge.
Defendant herein is appealing the award of permanent alimony in the amount of $100.00 by default judgment to his former spouse. We reverse.
Plaintiff, Patricia Lake, was awarded a legal separation against this defendant by default as well as $100.00 per month child support for the minor child of the marriage on December 22, 1982. Plaintiff subsequently filed a petition for divorce on August 31, 1983 on the grounds of having lived separate and apart for more than six months since the judgment of separation. In that petition she specifically plead that she desired a “rule nisi” ordering the defendant to show cause why he should not be ordered to pay $500.00 per month “as alimony and child support for the care and support of her and the minor children of the marriage.” [1] In the prayer she specifically prayed for a “rule nisi” ordering the defendant to show cause why he should not be ordered to pay the $500.00 in the same language as asserted in the petition.
Subsequent to the issuance of the rule and domiciliary service on the defendant, the defendant appeared without counsel on the date the rule was set, September 13, 1983. In the transcript of that proceeding the attorney for plaintiff stated that he and the defendant had discussed the matter and that they had reached an agreement “in respect to child support that he is agreeable to paying $200.00 per month.” There was also an indication of agreement on other matters at issue, however, no mention was made of alimony to the plaintiff.
On October 12, 1983, plaintiff, with the same counsel, confirmed a- default judgment of divorce against the defendant. The various items of relief which had previously been granted Mrs. Lake at the uncontested rule were incorporated into the divorce judgment. In addition, there was judgment rendered ordering the defendant, Mr. Lake, to pay to the plaintiff $100.00 per month as permanent alimony. Defendant has appealed, asserting both procedural and substantive errors. We do not reach the substantive contentions of the defendant because of our determination that his procedural complaint has merit.
LSA-C.C.P. Art. 1703 states, “A judgment by default shall not be different in kind from or exceed in amount that demanded in the petition.” It is our determination that this award of alimony by default at the trial on the main demand is improper because it is an award which is “different in kind from” the prayer and the allegations of the petition. As the redactors’ comment to LSA-C.C.P. Art. 1703 indicates, it is essential that a default judgment not exceed the scope of the petition, for a defendant may decide not to defend with respect to a particular prayer for relief “whereas he would defend if relief beyond the prayer were available.”
This cause presents a classic illustration of the purpose of LSA-C.C.P. Art. 1703. The plaintiff alleged the necessity for a rule to set permanent alimony. That allegation was carried forth in the prayer. The defendant was served a copy of the petition so asserting, as well as with a “Rule To Show Cause” which ordered him to appear at a specific time and date, September 13, 1983, to show cause why he should not pay up to $500.00 as alimony and child support. He appeared as ordered and reached an agreement with respect to child support. Alimony was not mentioned. It was therefore reasonable for the defendant to assume that both the child support and alimony aspects of the cause were resolved on the rule to show cause, for such was the specific allegation and prayer of the defendant.
In other words, plaintiff alleged and prayed specifically for a rule to set alimony and child support on a certain date. Defendant appeared and support was set. Alimony to the spouse was not. The subsequent setting of alimony by default one month later at the trial of the main demand exceeds the allegations and demands of the petition and is thus contrary to LSA-C.C.P. *1132 Art. 1703. The award of $100.00 alimony rendered herein on October 12, 1983 is therefore reversed and that judgment of October 12, 1983 herein is hereby amended to strike therefrom the following paragraph:
IT IS LASTLY ORDERED, ADJUDGED AND DECREED that petitioner PATRICIA BUTLER LAKE is awarded permanent alimony in the full sum of One Hundred and No/100 per month also payable on the first and fifteenth day of each month.
Costs of this appeal, if pertinent, are assessed against appellee.
REVERSED.

. Apparently a second child had been born subsequent to the separation.