WICKER, Judge.
Whitney National Bank appeals an order vacating a default judgment in its favor and against the defendants, Patricia Neal Key-worth; Richard F. Keyworth; DDRS, Inc.; and Investment Properties, Ltd. The issue is whether Whitney’s preliminary default was properly obtained. We affirm.
Whitney is the holder of several promissory notes executed by the Keyworths which remain unpaid to the extent of $1,705,000.00. Whitney sued the Keyworths by executory process in the 24th Judicial District Court to seize and sell immovable property in Jefferson Parish mortgaged to Whitney to secure the Keyworths’ debt. The property was sold at sheriffs sale for $116,000.00.
Whitney also filed an executory proceeding in the Civil District Court to seize and sell mortgaged immovable property in Orleans Parish, and that property was also sold at sheriffs sale for $1,050,000.00.
Whitney then filed its first supplemental and amending petition against the Key-worths; DDRS, Inc. d/b/a The Omega Safe Company; and Investment Properties, Ltd. This pleading alleged the balances due on several promissory notes executed in Whitney’s favor but reduced by sales of mortgaged properties. It also alleged the pledge to Whitney of a collateral mortgage note, rents, profits, income, and accounts receivable. Further alleging the possibility that the Keyworths and the corporations might conceal or otherwise dispose of these assets, it asked for a writ of sequestration of certain rents, profits, and income; a money judgment for the balance owing on the promissory notes plus interest and attorney’s fees; and enforcement of the collateral mortgage, pledges, and assignments.
Three months later Whitney filed a second supplemental and amending petition alleging that certain immovable property and revenues should be seized and sold; alleging certain rents, profits and income should be seized; amending the prayer of the first supplemental and amending petition to add sequestration of immovable property and its rents, along with other rents, profits, and income; and renewing and reiterating all the other allegations of the first supplemental and amending petition. The prayer asked for a writ of sequestration against the Key-worths and Investment Properties for rents, profits, and income “described in paragraph 24”, an apparent reference to the first supplemental and amending petition since there is no paragraph 24 in the second. The order of sequestration applies to two specifically-described pieces of immovable property in Jefferson Parish.
Two and a half months later, Whitney moved for a preliminary default. The motion refers throughout to filing of, service of, and failure to answer the second supplemental and amending petition. Nowhere does it mention the first one. One week later, Whitney moved to confirm the default. This pleading, unlike the motion for preliminary default, clearly refers to the original, first, and second supplemental and amending petitions. The resulting judgment maintained the writ of sequestration; granted money *521 judgments against the Keyworths for $181,-449.91 and $19,578.07, plus interest, costs, and ten percent attorney’s fees; granted a money judgment against DDRS and Richard Keyworth for $400,000.00, plus interest, costs, and ten percent attorney’s fees; recognized, maintained, and enforced a $200,000.00 collateral mortgage against the immovable property and recognized the pledge of this note; recognized, maintained, and enforced the assignment of accounts receivable by DDRS; and recognized, maintained, and enforced the assignment of a lease, note and mortgage by Investment Property. Sixty days later Whitney began garnishment proceedings against Richard Keyworth and DDRS.
At this point the Keyworths and the corporations moved for an extension of time to answer the first supplemental and amending petition. They also moved to annul the judgment on the grounds that no proper preliminary default had ever been taken in the first supplemental and amending petition, making the confirmation a nullity. The judge annulled the entire judgment, noting “A fair reading of the Motion for Preliminary Default indicates that the parties intended to default only on the Second Supplemental and Amending Petition....”
This prompted Whitney’s motion to vacate the annulment or to grant a new trial. As a result the trial judge ordered that only the confirmation of the first supplemental and amending petition be annulled, with the portion of the judgment confirming the default on the second supplemental and amending petition remaining valid and enforceable. Whitney appealed.
Whitney argues that “the order granting the preliminary default applied to all the appellees and was not limited to the second supplemental and amended petition”, especially since the Code of Civil Procedure does not require a formal motion for preliminary default. It also argues that “even if the order granting the preliminary default related only to the second supplemental and amended petition, it was proper since the allegations of the first supplemental and amended petition were adopted therein” and that “any doubt should be construed in favor” of Whitney, the pleader. The Key-worths and the corporations argue that the default judgment must not be different from the petition upon which the preliminary default is taken.
La.C.Civ.P. art. 1701 permits a preliminary default to be taken either by oral motion in open court or by written motion mailed to the court, in either case resulting in a minute entry. Importantly, “[a] judgment by default shall not be different in kind from that demanded in the petition.” La.C.Civ.P. art. 1703. “[I]t is essential that a default judgment not exceed' the scope of the petition_” Lake v. Lake, 460 So.2d 1130, 1131 (La.App. 2d Cir.1984). In confirming its default, Whitney was bound by the allegations of its petition. See Perrodin v. Southern Siding Co., Inc., 524 So.2d 885 (La.App. 3rd Cir.1988).
We cannot say the judge was clearly wrong in his ruling that the motion for a preliminary default encompassed only the second supplemental and amended petition. Consequently, we affirm the judgment setting aside that part of the default judgment which grants relief prayed for in the original and first supplemental and amended petitions.

AFFIRMED.