714 So.2d 115 (1998)
Kathleen Snow STEPHENS, Plaintiff-Appellant,
v.
Lewis Wayne STEPHENS, Defendant-Appellee.
No. 30498-CA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1998.
*116 E. Ray Kethley, Shreveport, for Appellant.
David G. Moore, Shreveport, for Appellee.
Before STEWART, CARAWAY and PEATROSS, JJ.
STEWART, Judge.
The appellant, Kathleen Snow Stephens, appeals the judgment of the First Judicial District Court, Parish of Caddo, Judge Gary A. Bowers awarding sole custody of the minor children to the father, Lewis Wayne Stephens, disallowing evidence of alleged sexual abuse of the minor son and rejecting contempt charges against Mr. Stephens and denying Mrs. Stephens attorney fees. We amend in part and, as amended, affirm.

FACTS
Lewis Wayne Stephens and Kathleen (Kae) Snow Stephens were married on February 20, 1982. Of this marriage two children were born, Margaret Suzanne Stephens (Meg), born August 12, 1982 and Greyden Lewis Stephens (Grey), born October 17, 1986. On June 8, 1995, the Stephens physically separated.
Kae filed a pro se petition for divorce pursuant to La. C.C. Art. 102 on or about June 12, 1995. The parties agreed to an Interim Order for Joint Custody that named Mr. Stephens as the domiciliary parent of the *117 two minor children with set periods of visitation for Kae. In addition, the judgment ordered Mr. Stephens to pay the first and second mortgages on the former matrimonial domicile and ordered mutual injunctions against selling community property.
On December 23, 1996, Kae filed a Rule to Change Domiciliary Parent Status Judgment, a pleading entitled Amendment to Rule to Change Domiciliary Parent Status. An additional pleading was filed on December 30, 1996, entitled Judge's Rule Sheet Added to Filing Dated December 23, 1996.
A trial was held on February 24-27 and March 3, 1997. The trial court judgment granted sole custody of the two minor children of the marriage, Meg and Grey, to Mr. Stephens and granted Kae reasonable visitation rights.
On April 7, 1997, Kae filed a Motion and Order for Devolutive Appeal. On appeal Kae alleges three assignments of error.

AWARD OF SOLE CUSTODY TO MR. STEPHENS
In assignment of error number one, Kae urges that the trial court erred in awarding sole custody of the two minor children to Mr. Stephens because he never filed any pleadings requesting such relief nor did the evidence adduced at trial expand Kae's pleadings to justify such relief.
Mr. Stephens asserts that any and all options or remedies available to the trial court under the codal provisions, La. C.C. Arts. 131,134; La C.C. Art. 105; La C.C. Art. 862; are available to the trial court in rendering a judgment of custody.
In support of her position, Kae relies upon Havener v. Havener, 29,785 (La.App. 2 Cir. 8/20/97), 700 So.2d 533. In Havener, supra, the parties were co-domiciliary parents pursuant to a joint custody order. Mr. Havener filed a Rule for Contempt and Change in Custody. In his petition, he requested that he be named the domiciliary parent of the minor child with reasonable visitation granted to Mrs. Havener. Mrs. Havener filed a Petition for Rule Nisi for Custody, Child Support, Contempt and Attorney Fees. After trial, the trial judge signed a judgment awarding Mr. Havener sole custody of the minor child and designated specific visitation for Mrs. Havener.
This court held that an award of sole custody to the father exceeded the trial court's authority where the relief sought by the father, as fixed in the pleadings, was joint custody designating him as the domiciliary parent. This court found that the scope of the pleadings did not permit an award of sole custody to the father, that the father did not amend his pleadings, and that the evidence presented did not expand the pleadings so as to allow an award of sole custody, rather than primary domiciliary status. Therefore, custody was amended, in line with the pleadings, to provide for joint custody with the father designated as the domiciliary parent.
A judgment rendered beyond the pleadings is a nullity. Ussery v. Ussery, 583 So.2d 838 (La.App. 2d Cir.1991); Romero v. State Farm Fire & Casualty Co., 479 So.2d 694 (La.App. 3d Cir.1985). However, the trial court has discretion to allow enlargement of the pleadings to conform to the evidence. La. C.C.P. art. 1154. Havener, supra at 535.
La. C.C.P. art. 862 grants the trial court authority to render a final judgment granting the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. La. C.C.P. art. 862. Nothing in the article, however, is intended to confer jurisdiction on a court to decide a controversy which the parties have not regularly brought before it. Ussery, supra; Patrick v. Patrick, 227 So.2d 162 (La.App. 2d Cir.1969), writ denied, 255 La. 238, 230 So.2d 91 (1970); Havener, supra at 536.
In the instant case, the relief sought by Kae was designation as domiciliary parent. Mr. Stephens never filed any pleadings or declared his requests for sole custody of the two minor children in writing or verbally in open court. The evidence did not expand the pleadings so as to allow the award of sole custody to Mr. Stephens. Thus, the trial court exceeded its authority in making such an award.
*118 We therefore, amend the judgment to vacate the award of sole custody to Mr. Stephens and reinstate the joint custody consent agreement entered into by the parties on July 24, 1995.

ALLEGATIONS OF SEXUAL ABUSE
In assignment of error number two, Kae urges that the trial court erred in disallowing evidence of Mr. Stephens' alleged sexual abuse of his minor son when counsel for Mr. Stephens opened the door on the issue.
The issue of the alleged sexual abuse of Grey was first introduced when counsel for Mr. Stephens asked Kae whether she had called the state child protection agency alleging that Mr. Stephens had molested Grey. Kae responded in the positive and stated that Grey told her that his father touched him inappropriately. Later, during Kae's direct examination of Grey, Kae elicited testimony from Grey that his father touched him inappropriately.
After reviewing the record, we are unable to say that the trial court "disallowed" any testimony on the issue of alleged sexual abuse. Kae had ample opportunity to cross-examine Mr. Stephens, yet she did not question him on the subject. The trial court allowed her to question Grey on the issue. After Kae's examination of Grey, the trial court expressed concern that the sexual abuse allegations did not appear in the pleadings filed by Kae, that it was not aware that sexual abuse was an issue and that documents Kae apparently wished to introduce were inadmissible. Implicitly weighing the credibility of the testimony, the trial judge stated that, under the circumstances of this case, he did not consider the alleged sexual abuse to be an issue.
Pretermitting a decision regarding whether any evidence was actually "disallowed," we do not find that the trial court committed reversible error on this issue. Kae was allowed some evidence regarding the alleged abuse and the record contains several pages of discussion on the topic. Nothing in the record indicates that Kae was prejudiced in any way by the manner in which the trial court disposed of this issue. We cannot say that the trial court erred regarding the introduction of evidence of the alleged abuse.
This assignment of error is without merit.

REJECTION OF CONTEMPT CHARGES AND ATTORNEY FEES
In assignment of error number three, Kae urges that the trial court erred in not holding Mr. Stephens in contempt and in not awarding Kae court costs or attorney fees. Kae argues that Mr. Stephens interfered with her visitation rights, made untimely payments of alimony pendente lite, untimely mortgage payments on the former matrimonial domicile, violated the injunction against selling community property, and failed to remit moneys reimbursed to him by the medical insurance company for prescriptions paid for Kae or her parents.
The trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying the Court's order and its decision will only be reversed when the appellate court can discern an abuse of that discretion. Martin v. Martin, 457 So.2d 189 (La.App. 2d Cir.1984); Welborne v. Welborne, 29,479 (La.App. 2 Cir. 5/7/97), 694 So.2d 578. A proceeding for contempt in refusing to obey the court's orders is not designed for the benefit of the litigant, though infliction of a punishment may inure to the benefit of the mover in the rule. The object of the proceeding is to vindicate the dignity of the court. Robertson v. Robertson, 258 So.2d 125 (La.App. 2d Cir. 1972).
We conclude that the trial court did not abuse its discretion in failing to hold Mr. Stephens in contempt. These parties have been before the court since June 1995, and the trial court is in the best position to know how to deal with the litigants in order to effectuate the orders of the court. The trial court did not feel its dignity had been impeached by Mr. Stephens, and we affirm its ruling.
This assignment of error is without merit.

*119 DECREE
The trial court judgment is amended to vacate the award of sole custody to Mr. Stephens and reinstate the joint custody consent agreement entered into by the parties on July 24, 1995. All other provisions of the trial court judgment are to remain in effect.
AMENDED IN PART AND, AS AMENDED, AFFIRMED.