DREW, J.
| T James A. Rountree seeks relief from a preliminary injunction enjoining the sheriff’s sale of a piece of property owned by G & Y Limited Partnership and John and Susan Merritt and purportedly encumbered by a mortgage in Rountree’s name. We affirm.
FACTS
James Rountree extended credit to Fred Bayles and Joanne Caldwell-Bayles that was secured by property located in Claiborne Parish and owned by Forsythe Holdings, Inc. Joanne Caldwell-Bayles is Forsythe’s president. The mortgage was executed by Fred Bayles and Joanne Caldwell-Bayles on November 7, 2006, and recorded in Claiborne Parish on November 15, 2006, with the property described as:
The NW 1/4 of the SE 1/4 of Section 31, Township 19, Range 7 West, Claiborne Parish, Louisiana.
The mortgage was amended on February 13, 2008, to exclude a tract located in Ouachita Parish. The amendment was signed by Rountree, Fred Bayles, and Joanne Caldwell-Bayles, individually and as agent for Forsythe. The amendment was filed in Claiborne Parish on March 7, 2008.
The mortgage arose out of an earlier case in which Rountree represented Fred Bayles, the owner of ScenicLand Construction Corporation. ScenicLand brought suit against St. Francis Medical Center in Ruston alleging that the medical center defaulted on a contract to renovate patient rooms. ScenicLand Const Co., LLC v. St Francis Med. Ctr., Inc., 41,147 (La.App.2d Cir.7/26/06), 936 So.2d 247. The court found in favor of ScenicLand, awarding damages of $218,000.00. Rountree offered *1128 to purchase the judgment from Scenic-Land for $200,000.00, advising Fred |2Bayles to seek independent counsel before accepting the offer. Fred Bayles accepted the offer, and Rountree purchased the judgment for $200,000.00, less $50,000.00 he was owed legal services rendered. It is out of this settlement that indebtedness to Rountree arises.[1]
On May 7, 2009, Fred Bayles and Joanne Caldwell Bayles presented an affidavit of lost promissory note to the clerk of court and had the above mortgage canceled. The property was then sold to G & Y Limited Partnership and John and Susan Merritt approximately a week later by a cash deed for $50,000.00. The deed was signed by Joanne M. Caldwell, president of Forsythe Holdings. A title examination done in the course of this sale detected the existence of the 2006 mortgage, though it was in the name of Fred Bayles and Joanne Caldwell-Bayles, who had not owned the property for close to two decades.
On November 17, 2011, Rountree filed a petition against Forsythe Holdings in which he prayed for a money judgment of $200,000.00, interest, attorney fees of 25% of the principal, and court costs. The petition made no prayer for the recognition, validation, or enforcement of the mortgage. Forsythe Holdings did not respond to the petition. A preliminary default judgment was entered on September 6, 2012. On September 18, 2012, Rountree filed a motion to confirm the default judgment. Among the documents attached to Rountree’s motion were the collateral mortgage note 13and the hand note. Roun-tree’s motion makes reference to the mortgage, but not to the 2008 amended mortgage.
An order confirming the default judgment was granted. The order granted relief not prayed for in the petition, namely that of recognizing and maintaining the mortgage from Fred Bayles and Joanne Caldwell-Bayles. A notice of judgment was sent by Claiborne Parish Clerk of Court to Forsythe through Joanne Bayles, its agent for service of process.
On November 15, 2012, Rountree filed a motion for sale without appraisal for the affected tract of land, specifically requesting that the property be sold under a writ of fieri facias. On January 4, 2013, a notice of seizure pursuant to a writ of fieri facias was entered and signed by a deputy sheriff.
G & Y Limited Partnership and John and Susan Merritt became aware of the judgment and impending sheriffs sale and hired Daniel W. Newell to protect their interests. On April 17, 2013, Newell emailed Rountree, asking him to voluntarily cancel the sheriffs sale, or otherwise Newell would be forced to seek an injunction. Rountree’s response was to let the courts decide the issue. Newell then sent a certified letter, which was received by Rountree on April 19, 2013, outlining the deficiencies in Rountree’s case and again attempting to persuade Rountree to voluntarily cancel the sale of the property.
On May 10, 2013, G & Y Limited Partnership and John and Susan Merritt (“in-terveners”) filed a petition for intervention *1129 claiming that the sheriffs sale of the property at issue should be enjoined because they are 14the record owners of the property. The trial court issued a temporary restraining order to halt the sheriffs sale scheduled for May 15, 2013.
On May 30, 2013, the trial court heard the interveners’ rule to show cause why a preliminary injunction should not be issued.
We have attached as an appendix and adopted the trial court’s excellent and thorough reasons for judgment, in which the trial court concluded that the default judgment was legally defective for two reasons:
(1) A default judgment can grant only the relief prayed for in the petition. The judgment included relief not prayed for in the petition, namely that of recognizing and maintaining the Bayleses’ mortgage.
(2) The original petition named neither the Bayleses nor the interveners.
The court concluded that since the default judgment was defective, the sheriffs sale could not be allowed to proceed. Accordingly, the court enjoined the sale. Rountree has appealed from that ruling.
DISCUSSION
Rountree asserts the validity of the default because:
• his original petition clearly sought enforcement of the mortgage;
• neither Mr. or Mrs. Bayles nor the inter-veners were necessary parties;
• Forsythe Holdings, as owner and mortgagor, was the only necessary defendant; and
• it is very plain on the face of his petition that the object of the suit was the enforcement of the mortgage.
Rountree urges that the judgment of default is valid and the judgment granting the preliminary injunction should be reversed.
La. C.C.P. art. 1703 states that a judgment by default shall not be different in kind from that demanded in the petition. The main purpose of 15this article is to put the defendant on notice of the object of the suit because a defendant has a due process right to know what is at stake when a default is threatened. “A defendant may decide not to defend as to a particular prayer for relief, whereas he would defend if relief beyond the prayer were available.” Lake v. Lake, 460 So.2d 1130, 1131 (La. App. 2d Cir.1984).
It is undisputed that the prayer for relief in plaintiffs November 2011 petition requested only a money judgment against Forsythe for $200,000.00 in principal with other monetary awards. However, the ex parte order plaintiff submitted for confirmation of the default judgment expanded the relief to include the recognition and enforcement of the mortgage executed by the Bayleses. A default judgment can grant only the relief prayed for in the petition.
Moreover, neither Rountree’s November 2011 petition nor his motion for a sheriffs sale a year later named the interveners as parties to those pleadings, despite knowing that the interveners were the record owners of the property. The interveners purchased the land in question from Forsythe Holdings, the record owner, in 2009, two years before Rountree filed his lawsuit. It is also undisputed that Rountree’s mortgage was granted by Fred Bayles and Joanne Caldwell-Bayles, who did not own the property. Forsythe Holdings was not party to the 2006 mortgage.
A person is required to be joined as a party when he claims an interest relating to the subject matter of the action and is *1130 so situated that the adjudication of the action in his absence may, as a practical matter, impair or impede his ability to protect that interest. La. C.C.P. art. 641.
|r,An annulment of a judgment for vice of form under La. C.C.P. art.2002 is proper when the judgment was “[ajgainst a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction[.]” This court has held that the record owner of property was an indispensable party when a note holder filed suit to enforce the promissory note and the property was allegedly the value given for the note. See West v. East Town & Country Drainage Dist., 26,538 (La. App.2d Cir.3/1/95), 651 So.2d 907.
Citing La. C.C.P. art. 2701, Rountree contends that he was not required to name anyone other than Forysthe Holdings as defendant. However, we note that La. C.C.P. art. 2298 provides, in part:
Injunctive relief prohibiting the sheriff from proceeding with the sale of property seized under a writ of fieri facias shall be granted to the judgment debtor or to a third person claiming ownership of the seized property:
(4) When the judgment sought to be executed is absolutely null.
La. C.C.P. art. 1092 provides that a third person claiming ownership of property seized may assert his claim by intervention, and the court may grant him injunc-tive relief to prevent judicial sale of the seized property before an adjudication of his claim of ownership.
Accordingly, not only was the default judgment defective as a matter of law for granting relief not prayed for in the petition, but it was also absolutely null because the interveners were not put on notice of the adverse claim to their property. Moreover, the mortgage had been granted by Fred Bayles and Joanne Caldwell-Bayles, not Forsythe Holdings. The 2008 17amendment to the mortgage did not state in the act why Forsythe appeared in the amendment. Because Forsythe Holdings’ appearance is not explained on the face of the instrument, it was not sufficient to put interveners on notice. In addition, the original petition also failed to name the Bayleses as defendants even though Roun-tree was asserting rights against their mortgage.
The trial court has discretion in determining whether or not to issue a preliminary injunction and its ruling will not be disturbed absent an abuse of discretion. Meredith v. Tram Investments, Inc., 48,-570 (La.App.2d Cir.12/30/13), 130 So.3d 469. Based on the foregoing, we find no abuse of the court’s discretion in granting injunctive relief to the interveners.
DECREE
At the cost of James A. Rountree, the judgment is AFFIRMED.
| «APPENDIX
J^THE SECOND JUDICIAL DISTRICT COURT IN AND FOR
THE PARISH OF CLAIBORNE, STATE OF LOUISIANA
JAMES A. ROUNTREE
VS.
FORSYTHE HOLDINGS, INC.
CIVIL DOCKET NO. 39,440
FILED: July 12, 2012
REASONS FOR JUDGMENT ON INTERVENORS’ RULE FOR INJUNCTIVE RELIEF
The initially named parties to this lawsuit are plaintiff JAMES A. ROUNTREE and defendant FORSYTHE HOLDINGS,
*1131 INC. Subsequently a petition for intervention was filed; the intervenors are G & Y STILL LIMITED PARTNERSHIP, JOHN MICHAEL MERRITT and SUSAN K MERRITT. Both plaintiff and the intervenors claim ownership of a 40-acre tract of land located in Claiborne Parish, Louisiana, described as:
The NW 1/4 of the SE 1/4 of Section 31, Township 19, Range 7 West, Claiborne Parish, Louisiana.
On May 30, 2013, the intervenors’ rule to show cause why a preliminary writ of injunction should not issue, enjoining the Claiborne Parish Sheriff and James A. Rountree from proceeding with the sheriffs sale of the property, was heard. Following the trial proceedings, the parties, plaintiff and intervenors, filed post-trial memoranda. Upon the July 2, 2013 receipt of the final memoranda, the case was submitted for decision.

PLEADINGS FILED

Because the initial petition involved a party not involved in the contradictory rule submitted for decision, but did involve issues submitted for decision, the court finds that a summary of the pleadings, shown by the date of their filing into the record (not the order in which they |10appear in the record as they are apparently out of sequence) is necessary to understand the parties’ positions in this rule for injunctive relief. *
1. November 17, 2011 — Petition filed by James A. Rountree against For-sythe Holdings, Inc., in which plaintiff prayed for a judgment against defendant for $200,000.00, interest, attorney’s fees of 25% of the principal, and court eosts.
2. January 25, 2012 — Service perfected on defendant
3. September 18, 2012 — Motion to confirm preliminary judgment on default entered on September 6, 2012 with various documents attached, including:
a. corporate resolution, dated as of January 11, 2006, adopted by For-sythe Holdings, Inc., signed by Richard Neely, Jr., Secretary, on February 13, 2008, which resolution indicates that the president of the corporation, Joanne M. Caldwell, has authority to secure any debts of the corporation by any appropriate legal security devices, including mortgages;
b. collateral mortgage, dated November 7, 2006, from Fred M. Bayles and Joanne M. Caldwell Bayles to any future holder for $200,000.00, which described various properties in Exhibit A, including the 40-acre tract at issue;
c. collateral mortgage note, dated November 7, 2006, for $200,000.00, payable on demand to any future holder, signed by Fred M. Bayles and Joanne M. Caldwell Bayles, paraphed ne varietur with the collateral mortgage;
d. hand note, dated November 7, 2006, payable on demand for $150,000.00 to James A. Rountree, signed by Fred M. Bayles and Joanne M. Caldwell Bayles;
NOTE: Each note has a notation on its back as follows: FORSYTHE HOLDINGS, INC.
BY: [signed by someone but clearly NOT Joanne M. Caldwell, president of Forsythe Holdings, Inc.]
4. September 18, 2012 — Order, signed on September 13, 2012, confirming preliminary judgment, by default, *1132 which grants the relief prayed for in plaintiffs petition, of a money judgment for $200,000.00 and other monetary relief, but also grants relief not |nprayed for in petition, that of recognizing and maintaining the mortgage from Fred M. Bayles and Joanne M. Caldwell Bayles
5. September 18, 2012 — Notice of judgment sent by Claiborne Parish Clerk of Court to Joanne Bayles
6. November 15, 2012 — Plaintiffs Motion for Sale without appraisal for 40-acre tract in Claiborne Parish
7. December 18, 2012 — Plaintiffs Motion to Correct Clerical Error in Judgment, signed by court on December 7, 2012
8. January ⅛, 2013 — Notice of Seizure pursuant to writ of fieri facias, signed by Deputy Sheriff Rebecca Lowery on January 2, 2013
9. March 12, 2013 — Plaintiffs Motion to Appoint Private Process Server on allegation that sheriffs office has been unable to serve defendant
NOTE: No citation issued to defendant Forsythe Holdings, Inc. appears in record and, therefore, there is no sheriffs return showing the sheriffs inability to serve defendant, although citation and sheriffs return for original petition filed on November 17, 2011 shows service was perfected on defendant.
10. April 1, 2013 — Affidavit of Private Process Server, David Anderson, notarized by Sharon Anderson, asserting that process was perfected on Joanne Caldwell on March 23, 2013
11. May 10, 2013 — Petition for Intervention filed by G & Y Still Limited Partnership, John Michael Merritt and Susan K. Merritt, claiming that the sheriffs sale of the 40-acre tract at issue, set for May 15, 2013, should be enjoined because they are the owners of the property, which they purchased on May 15, 2009 from Forsythe Holdings, Inc. by a cash deed for $50,000.00, which deed was signed by Joanne M. Caldwell, President of Forsythe Holdings, Inc.
12.May 17, 2013 — Plaintiffs Response to Intervention

FACTS

In his post-trial memorandum, plaintiff Rountree contends that the court erred in issuing the temporary restraining order on May 10, 2013, enjoining the sheriffs 112sale set for May 15, 2013 because the interve-nors’ petitions neither alleged immediate irreparable injury nor contained the attorney’s certificate of efforts made to give notice of the issue or reasons why notice was not required.
The court finds these contentions lack merit. It is well established that any action affecting immovable property is deemed to be capable of causing irreparable injury and, therefore, specific allegations of the irreparable harm the interve-nors would suffer from the sheriffs sale of the 40-acre tract they claim they own are not required. The intervenors’ petition, at paragraph 9, alleged that numerous attempts had been made to persuade plaintiff to cancel the sheriff’s sale voluntarily, including sending a certified letter to him on April 18, 2013, but, despite those attempts, plaintiff refused to cancel the sale.
Additionally, L.C.C.P. art. 1092, applicable to ordinary proceedings (as were filed by the intervenors), authorizes a court to grant an injunction prior to an adjudication of ownership. Also, L.C.C.P. art. 2298, applicable to writs of fieri facias, authorizes the stopping of a sheriffs sale *1133 of property seized under a writ of fieri facias, as was done here, when the judgment sought to be executed is absolutely null or the underlying obligation has been extinguished. Thus, the sale can be stopped prior to a determination of the interveners’ claim of ownership.
Because the court must determine whether the intervenors’ claim of ownership of the 40 acres has a substantial likelihood of success on the merits in order to determine whether the preliminary writ of injunction | isrequested by intervenors should be granted, evidence of the ownership of the 40 acres is relevant to the court’s determination. Although evidence of the 40 acres’ chain of title was not entered by either side, the court finds that unco'ntroverted evidence is significant to the issue of ownership.
First, it is undisputed that the mortgagors of the mortgage upon which plaintiff bases his claim, Fred M. Bayles and Joanne M. Caldwell Bayles, had not owned the 40 acres for about two decades prior to plaintiff’s filing his lawsuit in November 2011. Second, it is undisputed that For-sythe Holdings, Inc. was record owner of the 40 acres when interveners purchased the land from Forsythe in 2009, two years before plaintiff filed his lawsuit. Third, it is undisputed that the mortgagors, Fred M. Bayles and Joanne M. Caldwell Bayles, filed an Affidavit of Lost Promissory Note into the mortgage records of Claiborne Parish on May 7, 2009, in which they claim to be the holders of the collateral mortgage and note, which note they said they lost, and then requested the Claiborne Parish Clerk of Court to cancel the mortgage and mark it paid. Thus, the mortgage referenced by plaintiff in his 2011 petition was cancelled of record as having been paid 'two years before he filed his lawsuit.
It is undisputed that the prayer for relief in plaintiffs November 2011 petition only requested a money judgment rendered against Forsythe for $200,000.00 in principal with other monetary awards. However, the ex parte order plaintiff submitted for confirmation of the default judgment included an order that expanded the relief to include the recognition and enforcement of the mortgage executed by Fred M. Bayles and Joanne M. Caldwell Bayles.
114It is undisputed that neither plaintiffs petition filed in November 2011 nor his motion for a sheriffs sale of the 40 acres filed in November 2012 named the interve-nors as parties to those pleadings. As indicated above, it is undisputed that the intervenors purchased the 40 acres in 2009, two years before plaintiff filed his original petition.
Plaintiff contends that intervenors had notice of an adverse claim to the property because the Bayles’ mortgage was filed in the Claiborne Parish mortgage records in 2008, prior to their purchase of the property. While it is undisputed that the mortgage was filed in 2008 in Claiborne Parish, plaintiff points to nothing in the public records doctrine that would require the intervenors to check the mortgage records under the names of Mr. and Mr. Bayles when the record owner of the property they purchased was Forsythe Holdings, Inc. and the cash deed was signed by Joanne M. Caldwell as president of For-sythe Holdings.
The collateral mortgage executed by Mr. and Mrs. Bayles on November 6, 2006 was secured by the property described in Exhibit A which includes the 40 acres at issue. However, there is nothing in that document that refers to Forsythe Holdings, Inc.
The mortgage was amended by an act dated February 13, 2008, to exclude a *1134 16.07-acre tract in Ouachita Parish from the original mortgage. That amendment was signed by Fred M. Bayles, Joanne M. Caldwell Bayles, individually and as agent for Forsythe Holdings, Inc. and James A. Rountree. Apparently, it is the appearance of Forsythe Holdings, Inc. in this mortgage amendment upon which plaintiff bases his contention that intervenors had record notice that Forsythe | ^Holdings was part of the mortgage issued by Mr. and Mrs. Bayles.
The court finds that the appearance of Forsythe Holdings, Inc. in the act to amend the Bayles’ mortgage is not sufficient to give the intervenors notice of a mortgage affecting the 40 acres they purchased from Forsythe. The act simply removes a 16.07-acre tract from the original mortgage. Forsythe could have been involved in the act for many reasons, including its having an ownership claim to that 16.07 acres. Why Forsythe appeared in the amendment is not stated in the act and, because its appearance is not explained on the face of the instrument, it is not sufficient to put intervenors on notice. CONCLUSIONS OF LAW
The court concludes that the default judgment rendered in plaintiff’s original petition is defective as a matter of law. A default judgment can only grant the relief prayed for in the petition. The judgment presented to the court ex parte by plaintiff includes relief not prayed for in the petition, that of recognizing and maintaining the Bayles’ mortgage.
It is also defective because the original petition filed in 2011 named neither the Bayles, upon whose mortgage plaintiff was asserting rights, nor the intervenors, who purchased the 40 acres from Forsythe Holdings, Inc. two years before plaintiff filed his lawsuit against Forsythe.
Because the court concludes the default judgment is defective, the court concludes that a sheriffs sale conducted on the basis of that judgment cannot proceed.
The parties assert competing claims of ownership to the 40 acres at issue. Based on the uncontroverted evidence presented at the hearing on the intervenors’ rule 11fifor a preliminary injunction, the court concludes that the intervenors have a substantial likelihood of success for the issuance of a permanent injunction. The court, therefore, concludes that the relief prayed for by the intervenors, the issuance of a preliminary writ of injunction, should be granted, at plaintiffs cost.
WRITTEN REASONS FOR JUDGMENT ASSIGNED this 11th day OF July, 2018, in Homer, Claiborne Parish, Louisiana.
/s/ [illegible signature] JENIFER WARD CLASON, JUDGE SECOND JUDICIAL DISTRICT COURT

. Under cross-examination, Rountree was questioned as follows:
"Q: (By Daniel Newell) And at some point during your career as an attorney, you acquired Fred Bayles and Joanne Caldwell Bayles as clients?
A: I'm sorry to say, you’re right.
Q: And at some point in that relationship, they allegedly became indebted, they being Fred Bayles and Joanne Bayles. Is that your testimony?
A: They became indebted to a very substantial extent. Yes.”