STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

24-501


MELINDA TRAHAN HUCKABAY

VERSUS

JACOB P. HUCKABAY


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20225359
HONORABLE SUSAN L. THEALL, DISTRICT JUDGE

**********

**CANDYCE G. PERRET**
**JUDGE**

**********

Court composed of Van H. Kyzar, Candyce G. Perret, and Gary J. Ortego, Judges.


**REVERSED AND REMANDED.**

**Helen Popich Harris**
**321 W. Main Street, Suite 2-D**
**Lafayette, LA   70501**
**(337) 291-6092**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Jacob P. Huckabay**

**David P. Kobetz**
**Post Office Box 80275**
**Lafayette, LA   70598-0275**
**(337) 291-1990**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Melinda Trahan Huckabay**

**PERRET, Judge.**

In this divorce and custody proceeding, defendant/appellant, Jacob P. Huckabay ("Jacob"), appeals a Default Judgment of Child Custody, Child Support, Spousal Support and Exclusive Use of Vehicles. For the following reasons, we reverse and remand for a new trial upon finding that the default judgment goes beyond the scope of the prayer of the petition and because both parties concede that there was error in the calculation of the child support arrears owed by Jacob. Moreover, we find the timing of the undated single medical record, addressed simply "To whom it may concern," renders the report's value questionable and supports this court's conclusion that a new trial is in the best interest of justice.

**FACTS AND PROCEDURAL HISTORY:**

Melinda Trahan Huckabay ("Melinda") and Jacob were married on March 20, 2010, in New Iberia, Louisiana. They have two minor children, a son born on March 29, 2011, and a daughter born on April 3, 2012. On October 6, 2022, Melinda filed a petition for divorce alleging that she and Jacob "physically separated on July 21, 2022" and that she intends "to live separate and apart continuously and without reconciliation for the requisite time period to obtain a divorce" pursuant to La.Civ.Code art. 102. The petition further stated, in pertinent part:

10.

It is in the best interest of the minor children that legal custody be awarded to both parties jointly.

11.

[Melinda] requests that this Honorable Court establish a physical custody schedule between the minor children and the parties with the children primarily residing with [Melinda] and [Jacob] being granted reasonable and liberal visitation. In the alternative, this Honorable Court establish a physical custody schedule that is in the best interest of the minor children.

12.

[Melinda] asserts that it is in the best interest of the minor children that [Melinda] be designated as the domiciliary parent, and subject to such custodial rights as are proper to the circumstances of this case.

13.

[Melinda] maintains that it is in the best interest of the minor children to grant the right for first refusal to both parties.

14.

[Melinda] maintains that it is in the best interest of the minor children to prohibit the Parties from spending the night with unrelated and/or unmarried persons of the age of majority while exercising physical custody of the minor children.

On July 20, 2023, Melinda and Jacob attended a hearing officer conference to address the issues of child support, spousal support, and child custody. At the conclusion of the conference, the hearing officer made the following pertinent recommendations: (1) for the parties to have joint custody of the children, with Melinda being designated as the domiciliary parent; (2) for Jacob to pay child support to Melinda in the amount of $1,088.34 per month, subject to credits, commencing on July 20, 2023; (3) for Jacob's child support obligation between October 2, 2022 through July 20, 2023, to be $2,051.41 per month; (4) for Melinda to maintain health insurance coverage on Jacob, pending the divorce; (5) for Melinda to provide medical insurance for the minor children; and (6) for Melinda to have the exclusive use of the 2018 Jeep Wrangler. There was no recommendation for an award of interim spousal support for Melinda. On July 27, 2023, Melinda filed a timely objection to the hearing officer's recommendations.

On October 27, 2023, Melinda filed a Motion to Appoint Private Process Server, Motion to Extend Temporary Order, Motion to Refix Motion to Compel, and

Motion to Refix all Other Rules to Show Cause, alleging that she was having a difficult time serving Jacob.[1] Upon considering this motion, the trial judge issued an order on November 14, 2023, appointing Phil Conrad, "to make service of any and all pleadings previously filed in this matter, or to be filed in this matter, upon the defendant, [Jacob]." The order also scheduled "all other pending matters, including the issues of child support, child custody, and [Melinda's] request for the exclusive use of the 2018 Jeep Wrangler that she customarily drives be refixed for the 7th day of February 2024 at 9:00 a.m."

Although the February 7, 2024 hearing was held to address child custody, child support, spousal support, and the use of the parties' vehicles, Jacob was not present at the hearing. Following the hearing, on March 27, 2024, the trial court rendered a judgment, which ordered for Melinda to be awarded sole custody of the minor children with Jacob being "awarded supervised visitation with the minor children on the second and fourth Saturdays of each month, from 12:00 p.m. until 4:00 p.m., said visitation to be supervised by his mother, Judy Huckabay,[2] with said visitation to occur at a public location." The judgment further provided, in pertinent part (footnotes omitted):

> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that [Jacob] shall not be entitled to have any visitation with the minor children until Judy Huckabay, or an alternative supervisor, executes the Supervisor Guidelines, . . . and those Supervisor Guidelines are filed of record.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that [Jacob] shall immediately enroll in family therapy and

---

[1] According to the February 7, 2024 transcript, Jacob was served with this motion, as well as notice of the hearing date, on December 5, 2023.

[2] The judgment provided that if Judy Huckabay is "unwilling or unable to supervise [Jacob's] visitation with the minor children, then [Jacob] shall be required to hire a court-approved supervisor or exercise his visitation at Avec Les Enfants in accordance with their availability."

shall continue attending family therapy for as long as the counselor thinks it is necessary. Once the counselor determines that counseling is no longer necessary, [Jacob] may file a motion to request that the court lift supervised visitation with the minor children.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that [Jacob] shall pay child support to [Melinda] in the amount of $2,651.00 per month, retroactive to the date of judicial demand on October 6, 2022, said sum payable by [Jacob] to [Melinda] one-half (1/2) on the first day of each month, and one-half (1/2) on the fifteenth day of each month.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the parties shall pay the costs of the children's extraordinary medical expenses and extracurricular activity expenses in accordance with their income percentages as follows: [Jacob]: 81%, [Melinda]: 19%.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that for the period of October 6, 2022, through December 31, 2023, [Jacob] shall pay interim spousal support to [Melinda] in the amount of $1,800.00 per month, said sum payable by [Jacob] to [Melinda] one-half (1/2) on the first day of each month, and one-half (1/2) on the fifteenth day of each month.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, commencing January 1, 2024, [Jacob] shall pay interim spousal support to [Melinda] in the amount of $1,254.00 per month, said sum payable by [Jacob] to [Melinda] one-half (1/2) on the first day of each month, and one-half (1/2) on the fifteenth day of each month, said obligation to terminate in accordance with Louisiana law.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that [Jacob] is found to have made payments of child support and spousal support to [Melinda] in the total amount of $41,706.19 since the date of judicial demand. Accordingly, as of January 31, 2024, [Jacob] is hereby found to be in arrears of his child support and spousal support obligations in the amount of $28,118.12.

Additionally, the judgment granted Melinda "the exclusive use of the Jeep Wrangler SUV" with Jacob having "the exclusive use of the Jeep Gladiator pickup truck" and also ordered for them to use the "Our Family Wizard" application to communicate regarding all matters pertaining to the minor children.

4

On April 8, 2024, Jacob filed a Motion for New Trial, arguing that the trial judge's ruling "erred in awarding sole custody to [Melinda,] which was outside the scope of the pleadings," because [Melinda] "asked for joint custody in her petition, not sole custody." In his memorandum, Jacob argued that the March 27, 2024 default judgment "should be annulled and vacated and a new trial granted because the ruling is unusually harsh[,] resulting in [Jacob] losing substantial custodial rights with his minor children simply because he did not appear at the hearing." Further, Jacob argued that "[t]he record is replete with inadmissible hearsay testimony and hearsay documents" and that "[h]earsay evidence does not establish a prima facie case and will not support a default judgment." After a hearing on June 27, 2024, the trial court denied the motion for a new trial.

Jacob now appeals this judgment, alleging the following six assignments of error:[3]

1. The trial court erred when it awarded sole custody of the minor children to Appellee when it was outside the scope of the pleadings. It is well settled that "a default judgment may not . . . go beyond the scope of the prayer of the petition." *Graham v. Metzler*, 402 So.2d 768, 770 (La.App. 4th Cir. 1981)(citing La. Code of Civ. Proc. art. 1703.) Plaintiff asked for joint custody in her petition, not sole custody. Accordingly, she cannot be awarded sole custody.

2. The trial court erred when it awarded Appellant extremely limited and supervised visitation with the parties' minor children and ordered Appellant into counseling. The confirmation of a default judgment must be made by "admissible and competent evidence sufficient to prove all essential allegations of the petition with legal certainty, as fully as though each allegation was specifically denied by the defendant." *Perrodin v. Zander*, 441 So.2d 12 (La.App. 3rd Cir. 1983), writ denied, [sic] 444 So.2d 170 (La. 1984).

3. The trial court erred when it calculated child support and spousal support obligations using uncertified, and therefore hearsay, bank statements to establish Appellant's income for support purposes.

---

[3] Jacob's appellate brief lists seven assignments of error; however, there is a typo in his numbering of assignments of error when he omits number five.

4. The trial court erred when it awarded retroactive to date of judicial demand Schedule A child support when Appellant actually had the physical custody of the minor children 50% of the time in the six (6) months prior to trial.

5. The trial court erred when it relied upon and allowed Appellee to testify as to hearsay statements made to her about alleged incidents occurring between Appellant and the minor children.

6. The trial court erred when it relied upon and allowed into evidence, the "medical report" of Anna Juarez, a *provisional* licensed professional counselor. The "medical report" was actually a "to whom it may concern" letter which Appellee had the therapist prepare for trial purposes in an attempt to admit hearsay allegations at trial without corroborating testimony of the medical professional.

**STANDARD OF REVIEW:**

It is well settled that the best interest of the child is the paramount consideration in child custody matters. "The trial judge is in a better position to evaluate the best interest of a child from his observance of the parties and the witnesses and his decision will not be disturbed on review absent a clear showing of abuse." *Deason v. Deason*, 99-1811, p. 2 (La.App. 3 Cir. 4/5/00), 759 So.2d 219, 220 (citations omitted). However, even under this standard, we are compelled to find that the trial judge legally erred in granting sole custody to Melinda when the request in her pleadings was only for joint custody. Additionally, since both parties concede that the trial court erred when it made Jacob's child support obligation retroactive to date of judicial demand when he had the equal physical custody of the minor children fifty percent of the time in the six months prior to trial, we find it necessary to reverse the March 27, 2024 judgment and to remand this matter to the trial court for a new trial.

**DISCUSSION:**

In his first assignment of error, Jacob argues that when he failed to appear at the February 7, 2024 hearing, the resulting judgment was a default judgment and

that the judgment was outside the scope of the pleadings because Melinda's petition only sought joint custody. Jacob alleges the trial judge erred in awarding sole custody of the minor children to Melinda, especially considering that the petition stated that "it was in the best interest of the minor children that legal custody be awarded to both parties jointly." We find merit to this assignment of error.

Louisiana Code of Civil Procedure Article 1703, titled "Scope of Judgment," provides that "[a] default judgment shall not be different in kind from that demanded in the petition." "The main purpose of this article is to put the defendant on notice of the object of the suit because a defendant has a due process right to know what is at stake when a default is threatened." *Rountree v. Forsythe Holdings, Inc.*, 48,983, p. 5 (La.App. 2 Cir. 6/25/14), 144 So.3d 1126, 1129. "A defendant may decide not to defend as to a particular prayer for relief, whereas he would defend if relief beyond the prayer were available." *Id.* (quoting *Lake v. Lake*, 460 So.2d 1130, 1131 (La.App. 2 Cir.1984).

In *Stockman v. Medical Technology, Inc.*, 11-285, p.2 (La.App. 3 Cir. 12/14/11), 81 So.3d 198, 200, *writ denied*, 12-0145 (La. 3/23/12), 85 So.3d 94, this court addressed the issue of when a judgment goes beyond the pleadings and stated, as follows:

> The proposition that a judgment beyond the pleadings creates a nullity is a well-established legal principle in Louisiana law. An explanation of what constitutes "beyond the pleadings" was set forth by this court in *Domingue v. Bodin,* 08-62 (La.App. 3 Cir. 11/5/08), 996 So.2d 654. In *Domingue,* we stated:
>
> > "[U]nder proper circumstances proof beyond the pleadings, even if objected to, may be admitted and considered when *permission to amend the pleadings is requested and granted.*" La.C.C.P. Art. 1154. (emphasis supplied). *Ussery v. Ussery,* 583 So.2d 838, 841 (La.App. 2 Cir.1991) (*citing Guillory v. Buller,* 398 So.2d 43 (La.App. 3 Cir.1981)). However, notwithstanding this

7

authority, "nothing in the article [art. 862] is intended to confer jurisdiction on a court to decide a controversy which the parties have not regularly brought before it." *Id.* Otherwise, "[a] judgment beyond the pleadings is a nullity." *Id.* at 841, *citing Romero v. State Farm Fire & Casualty Co.,* 479 So.2d 694 (La.App. 3 Cir.1985).

*Domingue,* 996 So.2d at 657.

Louisiana jurisprudence "has consistently held that a trial court exceeds its authority in awarding sole custody to a party who seeks in the pleadings only joint custody. *Stephens v. Stephens*, 30,498 (La.App. 2d Cir.5/13/98), 714 So.2d 115; *Havener v. Havener*, 29,785 (La.App. 2d Cir.8/20/97), 700 So.2d 533." *Verret v. Verret*, 34,982, p. 10 (La.App. 2 Cir. 5/9/01), 786 So.2d 944, 950. In *Verret*, the appellate court found that that the trial court erred in awarding Ms. Tucker, the ex-wife of Mr. Verret, sole custody when the relief she sought was to be designated as the domiciliary parent under a continuation of joint custody. As the court stated, 786 So.2d at 950–951:

> La. C.C.P. art. 862 grants the trial court authority to render a final judgment granting the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. Nothing in the article is intended to confer jurisdiction on a court to decide a controversy which the parties have not regularly brought before it. *Havener v. Havener, supra; Stephens v. Stephens, supra.*

In *Stephens*, 714 So.2d 115, Ms. Stephens appealed a trial court judgment wherein her ex-husband, Mr. Stephens, was awarded sole custody of their two minor children, even though he had never requested sole custody. The appellate court agreed with Ms. Stephens and found that the trial court was without authority to award sole custody to Mr. Stephens when he never "filed any pleadings or declared his requests for sole custody of the two minor children in writing or verbally in open court." *Id*. at 117. Similarly, in *Havener*, 700 So.2d 533, Ms. Havener appealed a

trial court judgment wherein her ex-husband, Mr. Havener, was awarded sole custody of their son. Ms. Havener alleged that she had no notice that sole custody was at issue regarding the relief sought by Mr. Havener and argued that the judgment is beyond the scope of the pleadings and that the award must be vacated. The appellate court agreed with Ms. Havener and found that the trial court was without authority to award sole custody to Mr. Havener when the request in his pleadings was only that he be named the domiciliary parent of his son.

In this case, Melinda pled in her petition that "[i]t is in the best interest of the minor children that legal custody be awarded to both parties jointly." She did not seek sole custody; thus, it was error for the trial court to award sole custody when the pleadings only sought joint custody. For these reasons, we find merit to Jacob's assignment of error that the trial court legally erred when it awarded sole custody of the minor children to Melinda when Melinda had only asked for joint custody in her petition.

We also find merit to Jacob's assignment of error four, which alleges that the trial court erred "when it awarded retroactive to date of judicial demand Schedule A child support when [Jacob] actually had the physical custody of the minor children 50% of the time in the six (6) months prior to trial." Counsel for Melinda "concedes that [Jacob's] retroactive arrearages should be calculated based upon Schedule B for that period, but posits that the ruling of the Trial Court on this issue does not constitute reversible error." However, "[l]egal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights[,]" especially when the defendant, as in this case, was not present at the hearing. *Evans v. Lungrin*, 97-0541, p. 7 (La. 2/6/98), 708 So. d 731, 735.

9

In Jacob's last assignment of error, he alleges the "trial court erred when it relied upon and allowed into evidence, the 'medical report' of Anna Juarez, a *provisional* licensed professional counselor." Jacob notes that "nowhere in the record is [there] any report of abuse by Ms. Juarez, a mandatory reporter" and argues that "[t]his letter was not prepared in the ordinary course of obtaining medical treatment," but "was prepared in anticipation of trial." As previously stated, we too find the timing of the undated single medical record, addressed "To whom it may concern," renders the report's value questionable, and supports this court's conclusion that a new trial is in the best interest of justice, especially upon finding merit to Jacob's assignments of error one and four.

Because we find the March 27, 2024 default judgment goes beyond the scope of the prayer of the petition and because both parties concede that there was error in the calculation of the child support arrears owed by Jacob, we hereby reverse the trial court judgment and, in the interest of justice, remand this matter for a new trial on the merits. All costs are split between the parties.

**REVERSED AND REMANDED.**