ROBERT M. MURPHY, Judge.
12Appellant, Constantine Harold Pelias, appeals the trial court’s June 19, 2013 judgment finding him in contempt of court for failure to exercise visitation with his minor children.[1] The trial court awarded appellee, Millie Toscano Pelias, attorney’s fees, child care costs, and other costs, and modified the parties’ March 5, 2012 consent judgment which had failed to specify which night of the week appellant would exercise his overnight visitation. For the reasons that follow, we reverse the trial court’s finding of contempt, reverse the trial court’s award of child care costs, attorney’s fees and costs, and reverse the court’s modification of the consent judgment.
FACTS AND PROCEDURAL HISTORY
After Ms. Pelias filed for a La. C.C. art. 102 divorce on August 25, 2011, she and Mr. Pelias entered into a consent judgment on the ancillary issue of visitation on March 5, 2012.[2] The father was to have “regular visitation with the [three] minor children [ages 13, 12 and nine] from Friday after school to 8:00 p.m. on Sunday every other weekend and one night per week to be mutually agreed upon by the parties.... The parties intend to be flexible with this schedule to [.-¡accommodate each other’s schedules and needs and the schedules of the children.” (Emphasis added).
*155 It is undisputed that Mr. Pelias thereafter not only visited the children, helped with their homework, and took the children to dinner, sporting events, and extracurricular activities, but at the same time, he failed to exercise visitation with them overnight during the week for over 60 weeks.
On April 23, 2013, Ms. Pelias filed an action for failure to exercise visitation under La. R.S. 9:346. The matter came before the domestic hearing officer on May 23, 2013. On May 28, 2013, Mr. Pelias filed an objection to the hearing officer’s recommendation and interim order. On June 22, 2013, the trial judge signed a judgment finding Mr. Pelias in contempt of court for failure to exercise visitation. The trial court further awarded judgment in favor of Ms. Pelias in the amount of $4,088 as follows: $1,088 in after care expenses, $1,000 in attorney’s fees and $2,000 in child care expenses plus costs, pursuant to La. R.S. 9:346(B).[3] The trial court further modified visitation under the consent judgment pursuant to La. R.S. 9:346(H), selecting Thursday night as the night of the father’s overnight weekly visitation. The notices of signing the judgment were mailed on August 1, |42013. Mr. Pelias filed a motion and order for suspensive appeal on his furnishing bond of $8,000.00. Ms. Pelias answered the appeal seeking an increase in the amount of attorney’s fees.
ASSIGNMENTS OF ERROR
Assignment of error number one. The trial court’s finding Mr. Pelias in contempt of court pursuant to La. R.S. 9:346 for failure to exercise visitation was manifestly erroneous.
Assignment of error number two. The trial court erred in modifying the visitation schedule the parties entered into in the March 5, 2012 Consent Judgment.
Assignment of error number three. The trial court’s decision to award Ms. Pelias $4,088.00 in attorney’s fees, costs, and child care costs without supporting evidence of “actual costs” was manifestly erroneous.
STANDARD OF REVIEW
The appellate court reviews a trial court’s finding of contempt by a manifestly erroneous standard. Weaver v. Weaver, *156 12-238 (La.App. 5 Cir. 12/11/12), 106 So.3d 1116. To find a person guilty of constructive contempt, it is necessary to find that he violated the order of court intentionally, knowingly, and purposefully, without justifiable excuse. Id., at 1120.
LAW AND DISCUSSION
In assignment of error number one, appellant contends that the trial court erred in finding him in contempt of court for his failure to exercise visitation.
Ms. Pelias admitted she has a flexible schedule as an occupational therapist, but nonetheless she would like to work additional hours. She alleges that she has had to adjust her work week and has incurred additional expenses due to Mr. Pelias’ refusal to exercise visitation. She contended she has repeatedly asked Mr. |sPelias to exercise his weeknight visitation to which she contended his response was that it interfered with his work schedule.
Mr. Pelias sought reversal of the trial court’s judgment finding him in contempt of court. He noted that the parties intended to be flexible and the agreement provided that he would exercise visitation “one night per week to be mutually agreed upon by the parties.” He contended that the visitation would only be triggered by the mutual selection of the parties as to which weeknight.
In his defense, Mr. Pelias noted his demanding workday from 6:00 a.m. to 6:00 p.m. and that he has little control over his schedule. He emphasized that he has never missed a scheduled weekend visitation and has taken the children even during the mother’s time of physical custody. Mr. Pelias further contended that the trial court erred in awarding child care costs and attorney’s fees to Ms. Pelias as she did not provide the court with actual care expenses or evidence of attorney’s fees. See La. R.S. 9:346(B)(2) & (B)(4). Mr. Pelias summarizes that he was found in contempt, in effect, for complying with his work obligations and for his inability to come to terms with the mother in selecting a specific week night.
Constructive contempt of court includes “willful disobedience of any lawful judgment, order, mandate, writ, or process of the court”. La. C.C.P. art. 224. The trial court is vested with “great discretion to determine whether a party should be held in contempt for wilfully disobeying a visitation judgment. The trial court’s decision will only be reversed when the appellate court can discern an abuse of that discretion.” Stephens v. Stephens, 30,498, p. 5 (La.App. 2 Cir. 5/13/98), 714 So.2d 115, 118.
We find no intentional, knowing, and purposeful violation of the trial court’s March 5, 2012 consent judgment. The consent agreement allowed for flexibility l/or the parties, left open the selection of the night for overnight visitation, and required the mutual agreement of the parties to select the specific night.
Neither party could be held to a purposeful violation when both parties have demonstrated that there was no set binding agreement on these issues. The statute provides a defense at Subpart G if the failure to exercise visitation according to the schedule was by “mutual consent, beyond the control of the defendant, or for other good cause shown.” Here, both parties did not agree to a specific night nor was this condition under the control of a single party. We find that the trial court was manifestly erroneous in finding that Mr. Pelias intentionally, knowingly, and purposely failed to exercise visitation and therefore conclude that the trial court manifestly erred in finding Mr. Pelias in contempt of court.
*157 ? on the finding that the trial court manifestly erred in finding Mr. Peli-as in contempt, we find the trial court erred in granting relief, ie., modifying the visitation and awarding attorney’s fees, costs, and child care costs, remedies which are all contingent on the court’s first finding of Mr. Pelias being in contempt. La. R.S. 9:346(B). The court’s award for expenses and child caretaking expenses must follow a finding of contempt. La. R.S. 9:346(B)(2) & (3). Modification of visitation under La. R.S. 9:346(H) requires a threshold finding of a “pattern of willful and intentional violation,” rejected above and not sought by the parties. An award of attorney’s fees and costs is similarly dependent on a finding of contempt. La. R.S. 9:346(B)(4). Finding no such contempt, the awards and modification must fall.
Assignments of errors numbers two and three have merit for the reason that the trial court manifestly erred in finding Mr. Pelias in contempt. Reversing the contempt requires reversing both the awards and the modification of visitation.
^DECREE
For the reasons above, we reverse the judgment of the trial court finding Mr. Pelias in contempt of court and vacate the awards and modification of visitation. Ms. Pelias’ request for an increase in attorney’s fees is denied.

REVERSED.

. The parties were awarded joint custody of the minor children by the March 5, 2012 consent judgment.

. The divorce was granted on May 17, 2013.

. La. R.S. 9:346 provides in pertinent part:
(A). An action for the failure to exercise or to allow child visitation ... pursuant to the terms of a court-ordered schedule may be instituted against a parent. The action shall be in the form of a rule to show cause why such parent should not be held in contempt for the failure and why the court should not further render judgment as provided in this Section.
(B). If the action if for the failure to exercise child visitation ... pursuant to the terms of a court-ordered schedule, and the petitioner is the prevailing party, the defendant shall be held in contempt of court and the court shall award to the petitioner:
[[Image here]]
(2). A reasonable sum for any actual expenses incurred by the petitioner by reason of the failure of the defendant to exercise rights pursuant to a court-ordered visitation....
(3). A reasonable sum for a caretaker of the child, based upon the hourly rate for caretakers in the community.
(4). All attorney fees and costs of the proceeding.
[[Image here]]
(E). The court may award attorney fees and costs to the defendant if he is the prevailing party, based upon actual expenses incurred.
[[Image here]]
(G). It shall be a defense that the failure to allow or exercise child visitation rights pursuant to a court-ordered schedule was by mutual consent, beyond the control of the defendant, or for other good cause shown.
(H). A pattern of willful and intentional violation of this Section, without good cause, may be grounds for a modification of a custody or visitation decree.