PARIS PHILLIP PIERRE

VERSUS

REANDA FIELDS PIERRE

NO. 23-CA-574

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 87,657, DIVISION "D"
HONORABLE M. LAUREN LEMMON JUDGE PRESIDING

September 16, 2024

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Scott U. Schlegel

**REVERSED IN PART AND AFFIRMED IN PART;**
**REMANDED WITH INSTRUCTIONS**
     **SUS**
     **FHW**
     **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
PARIS PIERRE
Eric E. Malveau

COUNSEL FOR DEFENDANT/APPELLEE,
REANDA PIERRE
Reanda Pierre

**SCHLEGEL, J.**

Appellant, Paris Pierre, appeals the issuance of a protective order on August 21, 2023, which modified a previously issued protective order granted in favor of plaintiff/appellee, Reanda Pierre. He also appeals the order finding him in contempt. For the following reasons, we find that the trial court erred in granting the motion to modify protective order to the extent that it added the parties' minor children as protected persons and remand with instructions. We affirm the trial court's order holding Mr. Pierre in contempt.

*Background and Procedural History*

This is a protracted family and custody case with a tortured procedural history. Recently, in an opinion issued on February 21, 2024 (hereinafter *"Pierre I"*), we affirmed the trial court's judgment of March 28, 2023, which granted Ms. Pierre sole custody of the couple's four minor children pursuant to the Post-Separation Family Violence Relief Act, La. R.S. 9:361, *et seq.* (PSFVRA) and La. R.S. 9:341(A). Mr. Pierre was granted visitation to be supervised by a competent professional approved by the court and ordered to seek individual therapy for batterers.[1]

While Mr. Pierre's appeal of the March 28, 2023 judgment was pending though, the parties continued litigating in the trial court.

- On April 19, 2023, Ms. Pierre filed a motion to modify the prior Louisiana Abuse Prevention Order of November 29, 2022 to add the family home as a protected address because she had been granted use of the home. This motion was set for hearing on May 4, 2023. However, the trial court took up and granted Ms. Pierre's request at the hearing on May 1, 2023.

---

[1] As discussed below, in the modified protective order of August 21, 2023, at issue in this opinion, the trial court suspended all visitation and contact between Mr. Pierre and the children pursuant to the Post-Separation Family Violence Relief Act and La. R.S. 9:341(A).

- On April 20, 2023, Mr. Pierre filed a petition in reconvention for protection from abuse against Ms. Pierre alleging that she had physically attacked him on January 1, 2021, including punching him in the face on numerous occasions prior to that. The trial court denied the temporary restraining order but set Mr. Pierre's petition for protection on May 1, 2023.

- On May 1, 2023, the trial court denied Mr. Pierre's petition for protective order after holding a hearing that included witness testimony.

- On May 10, 2023, Mr. Pierre filed a motion to modify a previously issued Louisiana Uniform Abuse Prevention Order that had been granted on November 19, 2022.[2] Mr. Pierre alleged, *inter alia*, that Ms. Pierre had misused the protective orders entered in her favor and he feared that his life was in danger.

- On May 25, 2023, the trial court denied Mr. Pierre's May 10, 2023 motion to modify on the grounds that it was not procedurally proper.

- On July 18, 2023, Ms. Pierre filed a motion to modify the same Louisiana Uniform Abuse Prevention Order that was issued on November 29, 2022,[3] and a Rule for Contempt regarding the judgment issued on March 28, 2023.

The trial court held a hearing on Ms. Pierre's July 18, 2023 motion to modify and rule for contempt on August 21, 2023. At the conclusion of the hearing, the trial court: (1) granted the motion to modify protective order; (2) added the four minor children as protected persons; (3) terminated all visitation and contact between the children and Mr. Pierre; and (4) found Mr. Pierre to be in contempt of the March 28, 2023 sole custody judgment. The modified protective

---

[2] Mr. Pierre's motion erroneously referred to a protective order dated November 19, 2022, but the correct date was November 29, 2022.
[3] Ms. Pierre's motion erroneously referred to a protective order dated January 29, 2022, but the correct date was November 29, 2022.

order of August 21, 2023 was issued pursuant to La. R.S. 46:2171, *et seq.*,[4] and further provided as follows in Paragraph 18 as to the minor children:

> The Court suspends all visitation and contact between Mr. Pierre and the children pursuant to the Post-Separation Family Violence Relief Act, La. Rev. Stat. 9:341(A). Visitation is not in the best interest of the children due to the emotional and psychological damage to the children. Mr. Pierre shall have not [*sic*] contact whatsoever.

It is important to note that the original, and now modified protective order, does not expire.

On September 19, 2023, Mr. Pierre timely filed an appeal. On September 21, 2023, the trial court filed reasons for judgment in support of its August 21, 2023 order modifying the protective order. The trial court failed to provide a judgment on the rule for contempt though, so on May 28, 2024, we ordered the trial court to supplement the order with a judgment related to Mr. Pierre being held in contempt. The trial court issued its supplemental judgment on May 30, 2024, which held Mr. Pierre in contempt of court. Mr. Pierre was sentenced to 90 days in the parish prison and a fine of $500; both were suspended.

*Assignments of Error*

Mr. Pierre asserts that the trial court erred in rendering the judgment of August 21, 2023 as follows:

(1) the trial court erred in granting the motion to modify protective order adding the parties' minor children to an existing protective order;

(2) alternatively, if the protective order is allowed to be modified to add the minor children, the trial court erred in finding sufficient evidence to grant a protective order on behalf of the minor children;

(3) the trial court erred in suspending all visitation by Mr. Pierre with the minor children pursuant to La. R.S. 9:34l(A); and

---

[4] The trial court incorrectly checked the La. R.S. 46:2171, *et seq.* box, ("the trauma of stranger and acquaintance stalking"), which is not involved in this case. The trial court should have checked the box for "La. R.S. 46:2131, *et seq.* (Domestic Abuse)."

(4) the trial court erred in holding Mr. Pierre in contempt.

*Law and Discussion*

A. *First assignment of error - modifying an existing protective order to add protected parties*

We first consider whether the trial court erred by modifying and adding the parties' minor children to the Uniform Abuse Prevention Order of November 29, 2022 as protected persons.

In her motion to modify, which was filed on July 18, 2023, Ms. Pierre alleged that Mr. Pierre had accessed the family home through the upstairs window while the children were home, that he had been arrested for violating the protective order, and that one of Mr. Pierre's relatives picked up the kids from school in violation of the custody judgment. The trial court heard extensive testimony from both Ms. Pierre and Mr. Pierre at the hearing on August 21, 2023, the highlights of which are briefly summarized below.

According to Ms. Pierre, she and the children were invited to a birthday party for her niece on Sunday, April 16, 2023, at a Laser Tag in Elmwood, only three weeks after the trial court's judgment of March 28, 2023.[5] Mr. Pierre showed up at the party uninvited and in violation of the protective order, so Ms. Pierre arranged to have the police called and had him arrested at the birthday party. She also testified about a letter that he sent to her in violation of the March 28, 2023 order. When she went home that night, she had the locks to her house changed.

Ms. Pierre further testified that on April 19, 2023, Mr. Pierre came to the house around 10:00 p.m. with police officers, allegedly to get his clothes and belongings. Even though she had the locks on the house changed, Mr. Pierre accessed the house through an upstairs back window.

---

[5] This Court affirmed this judgment in *Pierre I* on February 21, 2024.

On April 20, 2023, the day after, Ms. Pierre testified that Mr. Pierre's mother picked up the children from school in violation of the custody judgment. Ultimately, she had to call the police to get the children back. They were eventually returned to her the same day.

Mr. Pierre also testified at the hearing. According to him, after he was released from jail on April 19, 2023, he returned to the house that night with a police escort to get his belongings. He stated that he accessed the house through an upstairs balcony that he had a key for, and not an upstairs window. He also testified that he was under the impression that the judgment had been suspended while his appeal was pending and that it was not necessary for him to vacate the home until it was finalized.

Following the hearing, the trial court granted Ms. Pierre's motion to modify and added the children to the protective order as protected persons pursuant to 46:2171[6] and determined that it "does not expire." The trial court further suspended all visitation and contact between Mr. Pierre and the children pursuant to La. R.S. 9:341 and the PSFVRA.[7]

In effect, the trial court awarded permanent custody of the children to Ms. Pierre without visitation from Mr. Pierre and ordered Mr. Pierre to stay away from his children for the rest of their lives by way of a Uniform Abuse Prevention Order. This is not permitted under the domestic abuse statutory provisions for granting protective orders, contained in La. R.S. 46:2131, *et seq.* Specifically, La. R.S. 46:2136(A)(3), which applies in this case, provides only for the award of temporary custody or temporary visitation rights.

---

[6] As discussed *supra* in footnote 4, the trial court erroneously cited La. R.S. 46:2171, *et seq.* The provisions of La. R.S. 46:2131 *et seq.*, involving domestic abuse apply to the case at bar.
[7] As discussed *supra* at 3, Paragraph 18 of the modified protective order of August 21, 2023 found that visitation is not in the best interest of the children due to the emotional and psychological damage to the children.

We therefore agree with Mr. Pierre's first assignment of error that the trial court erred in granting the motion to modify protective order to the extent that it added the parties' minor children as protected persons to Ms. Pierre's existing protective order.

However, filings by self-represented litigants are subject to less stringent standards than formal pleadings filed by lawyers. *Benoit v. Guerin*, 22-547 (La. App. 5 Cir. 1/18/23), 357 So.3d 434, 441, *writ denied, stay denied,* 23-0250 (La. 6/7/23), 361 So.3d 966. And self-represented litigants are not to be denied access to the courts for review of their case on the merits by the overzealous application of form and pleading requirements or hyper-technical interpretations of court rules. *Id.* Ms. Pierre is a self-represented litigant who incorrectly used a protective order to seek relief when the correct procedure would have been to file a motion to terminate supervised visitation.

Accordingly, we order that the minor children be removed as protected persons from the protective order and remand with instructions to amend the protective order as discussed more fully below.

B. *Second assignment of error*

In light of our ruling on Mr. Pierre's first assignment of error, his second assignment that the trial court erred in finding sufficient evidence to grant a protective order on behalf of the minor children themselves is moot.

C. *Third assignment of error*

We next consider Mr. Pierre's third assignment of error that the trial court erred in suspending all visitation by Mr. Pierre with the minor children. It is important to recognize at the outset that the trial court previously found that Mr. Pierre has a history of perpetrating family violence and awarded Ms. Pierre sole custody of the minor children after a trial on March 28, 2023 in accordance with the PSFVRA. Mr. Pierre was granted supervised visitation. But based upon the

testimony from the August 21, 2023 hearing to modify the subject protective order, the trial court found that Mr. Pierre had been in contact with the children via the tablets in direct violation of the March 28, 2023 custody order, which provided that "Mr. Pierre shall have supervised visitation of the minor children by a competent professional approved by the Court before the supervised visits begin." The trial court also found that Mr. Pierre had not seen his court ordered domestic batterer therapist. In addition to direct violations of the order, the court noted that Mr. Pierre had filed for passports for the children and that this "was concerning to the Court given the fact that [Ms. Pierre] has sole custody of the children." The trial court also reiterated its finding that Mr. Pierre weaponizes the children and that the children were being emotionally and psychologically damaged. At the conclusion of the hearing, the trial court found that visitation with the children by Mr. Pierre was not in the best interest of the children, and that, to the contrary, it would be harmful to them.

In oral reasons stated on August 21, 2023, the trial court concluded:

> I'm going to find today that pursuant to Louisiana Revised Statute 9:341(A), Mr. Pierre's visitation is completely suspended. No contact with the children whatsoever. The visitation is not in the best interest of the children. In fact, it's harmful. It will continue to cause emotional and psychological damage to the children. The thought processes have been thwarted. He has not seen his abuse therapist as ordered. He cannot go to the school or extracurricular activities. No phone or tablet contact. No contact whatsoever. Suspended a hundred percent. The Court believes that no type of visitation can minimize the risk of harm to the children.

Much discretion is vested in the trial court in evaluating the weight of the evidence, which is to be resolved primarily on the basis of the credibility of the witnesses. *Oliva v. Jones*, 22-385 (La. App. 5 Cir. 3/29/23), 360 So.3d 573, 578. In matters of credibility, an appellate court must give great deference to the findings of the trier of fact. *Id.* The trial court sitting as the trier of fact is in the best position to evaluate the demeanor of the witnesses. *Id.*

In addition to the provisions of the PSFVRA, La. R.S. 9:361, *et seq*, the provisions of La. R.S. 9:341, entitled "Restriction on visitation", provide in pertinent part that "[t]he court shall order visitation **only** if the abusive parent proves by a preponderance of the evidence that visitation would be in the best interest of the child, considering the factors in Civil Code Article 134, and would not cause physical, emotional, or psychological damage to the child." (Emphasis added).

The rights of any parent are always subservient to the best interests of the child. *Harper v. Harper*, 00-1425 (La. App. 5 Cir. 1/30/01), 777 So.2d 1275, 1278, *writ denied,* 01-0768 (La. 5/11/01), 792 So.2d 736. The question of visitation is always open to change when the conditions warrant it when it is shown to be in the child's best interest. *Id.*

Accordingly, we do not find that the trial court erred in suspending all visitation by Mr. Pierre with the minor children.

C. *Fourth assignment of error – the order of contempt*

Mr. Pierre further argues that he should not have been found in contempt of court.

The trial court's supplemental judgment of May 30, 2024, supplemented the August 21, 2023 judgment finding Mr. Pierre in contempt of court for the following actions:

> **IT IS FURTHER ORDERED** that the Defendant, PARIS PIERRE, is found in Contempt of this Court's March 28, 2023, Judgment for the following reasons: (1) Failure to make mortgage payments on the familial home; (2) Listing the familial home for sale; (3) Interfering with the Plaintiffs exclusive use and occupancy of the familial home; and (4) Inappropriate communication with the four minor children.

The trial court sentenced Mr. Pierre to 90 days in the parish prison and a fine of $500; both were suspended.

"A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." La. C.C.P. art. 221. There are two kinds of contempt of court: direct and constructive. *Id.* A direct contempt of court is one committed in the immediate view and presence of the court and of which it has personal knowledge. La. C.C.P. art. 222. Constructive contempt is any contempt other than a direct one, including the "willful disobedience of any lawful judgment, order, mandate, writ, or process of the court." La. C.C.P. art. 224. To find a person guilty of constructive contempt, the court must find the person violated an order of the court intentionally, knowingly and purposefully, without justifiable excuse. *Barnett v. Barnett*, 15-766 (La. App. 5 Cir. 5/26/16), 193 So.3d 460, 470, *writ denied,* 16-1205 (La. 10/10/16), 207 So.3d 406. The trial court is vested with great discretion in determining whether circumstances warrant holding a party in contempt of court. *Id.* The trial court's decision will only be reversed when the appellate court can discern an abuse of that discretion. *Pelias v. Pelias*, 13-853 (La. App. 5 Cir. 5/14/14), 142 So.3d 153, 156.

Mr. Pierre's arguments that he did not list the home for sale and that Ms. Pierre would have had to agree because the parties were married are unavailing. The listing agreement was introduced into evidence. The evidence further supported the trial court's conclusion that Mr. Pierre interfered with Ms. Pierre and the children's use of the home in that Mr. Pierre came to the home late in the evening accompanied by police and used his key to access an upstairs window/balcony even though the custody order provided that Ms. Pierre had exclusive use and occupancy of the family home. Finally, the trial court found credible Ms. Pierre's testimony about Mr. Pierre communicating with the children via their tablets and other statements he made to the children. This contact with

the children via the tablets and otherwise is in direct violation of the March 28, 2023 custody order.

Under the present circumstances, we do not find that the trial court abused its vast discretion in holding Mr. Pierre in contempt. As discussed above, this case has a long history, and the trial court is in the best position to consider the evidence and determine the credibility of the witnesses.

The judgment of the trial court holding Mr. Pierre in contempt is affirmed.

*Conclusion*

For these reasons, we hold that the trial court erred to the extent that it added the parties' minor children as protected persons to Ms. Pierre's existing protective order and order that it be vacated. We order that an amended order of protection be issued pursuant to La. R.S. 46:2131, *et seq.* (Domestic Abuse), removing the minor children as protected persons.

We affirm, however, the trial court's decision to suspend Mr. Pierre's supervised visitations. The additional condition under paragraph 18 of the protective order suspending all visitation and contact, as well as the other conditions in the protective order, shall remain. The trial court is further ordered to enter an amended visitation order suspending all visitation and contact in accordance with our ruling herein.

We affirm the trial court's holding that Mr. Pierre is in contempt.

**REVERSED IN PART AND AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS.**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 16, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-CA-574**

**E-NOTIFIED**
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE M. LAUREN LEMMON (DISTRICT JUDGE)
HONORABLE ROCHELLE C. FAHRIG (DISTRICT JUDGE)
ERIC E. MALVEAU (APPELLANT)

**MAILED**
PARIS PIERRE  (APPELLANT)
326 MIMOSA AVENUE
LULING, LA 70070

REANDA PIERRE  (APPELLEE)
405 LAC VERRET DRIVE
LULING, LA 70070